### UNITED STATES of America, Plaintiff-Appellee,

v.

### Nathaniel Edward MARBLEY, Defendant-Appellant.

#### No. 26561.

United States Court of Appeals Fifth Circuit.

April 22, 1969.

Lee R. Janicek, Houston, Tex., (Court-appointed) R. R. Thornton, Galveston, Tex., for defendant-appellant.

Morton L. Susman, U. S. Atty., Donald L. Stone, Asst. U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before AINSWORTH and SIMPSON, Circuit Judges, and MITCHELL, District Judge.

PER CURIAM:

Defendant-appellant, Nathaniel Marbley, was charged in an indictment with two counts of possession of stolen mail, in violation of 18 U.S.C. § 1708, and one count of forging a United States Treasury check, in violation of 18 U.S.C. § 495. When his case was called for trial on

July 9, 1968, appellant stated that he was not prepared to proceed, as he had some doubts as to his mental capacity to stand trial, and the Court immediately ordered a mental examination pursuant to 18 U.S.C. § 4244.

On July 12, 1968, a mental competency hearing was conducted, at which the examining psychiatrist testified that appellant was mentally competent to stand trial and appellant presented no evidence to refute this finding. At the conclusion of the hearing, appellant requested that he be re-arraigned on Count One of the indictment; his request was granted by the Court; and appellant entered a plea of guilty which, after careful questioning, was accepted by the court. Following presentence investigation, appellant was sentenced to five years imprisonment.

Appellant appeals on the grounds that once the question of his mental competency was raised, the prosecution was required to prove beyond a reasonable doubt not only that he was legally competent to stand trial but that he was sane at the time of the offense.

■ While it is true that once a defendant in a criminal proceeding introduces evidence of insanity at the time an offense was committed, the government then must prove the defendant sane beyond a reasonable doubt, no such burden exists when the defendant merely raises the question of his competency to stand trial.

■ As soon as the competency of the appellant to stand trial was raised, a hearing was promptly and properly held by the District Court pursuant to 18 U.S.C. § 4244. At no time did appellant interject the question of his sanity at the time of the offense and, consequently, the District Court properly proceeded on the presumption that appellant was sane at the time of the alleged offense.

Blake v. United States, 5 Cir., 407 F.2d 908 [February 12, 1969] is inapplicable to this case as Blake involves the definition of insanity once the issue has been properly raised.

The judgment is affirmed.