**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Stiles Richard DAVIS, Defendant-**
**Appellant.**

**No. 26721.**

United States Court of Appeals
Fifth Circuit.

May 26, 1969.

Charles J. Cullom (court-appointed), Orlando, Fla., for appellant.

Joseph W. Hatchett, Asst. U. S. Atty., Jacksonville, Fla., Edward F. Boardman, U. S. Atty., Tampa, Fla., for appellee.

Before GEWIN, McGOWAN * and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal by appellant Stiles Richard Davis from a conviction by a jury for failure to appear for sentencing

* Judge Carl McGowan of the District of Columbia Circuit, sitting by designation.

before the District Court, in violation of Section 3150, Title 18, United States Code, following a conviction of counterfeiting. This offense is commonly referred to as "bail jumping".

Appellant Davis was originally convicted of possessing and selling counterfeit federal reserve notes. Following his conviction, he was released on bond until the date set for sentencing, January 19, 1967. He did not appear. Four suicide notes were found in his office and a boat belonging to Davis was discovered on the beach with holes in the bottom. Thereafter, Davis was located in Nicaragua and returned to the United States on July 11, 1967. After presentence investigation, Davis was sentenced on the counterfeiting conviction on December 4, 1967. He was indicted on the "bail jumping" charge on December 18, 1967, and tried in July, 1968.

At the trial as to the "bail jumping" appellant Davis employed the defense of insanity, alleging that he went to sea attempting to commit suicide; that he sank into the ocean and, from that moment until he became conscious in Nicaragua, was unaware of the circumstances of his surroundings.

Appellant urges five grounds upon which he contends the ruling of the lower Court should be reversed. The Court finds no merit in any of the grounds presented. Accordingly, the points involved necessitate only a brief discussion.

 Appellant Davis' initial contention that he was denied a speedy trial is spurious in that facts indicate that trial was commenced in less than eight months after the return of the indictment. Such is not an unreasonable delay. Harlow v. United States, 301 F.2d 361 (5 Cir., 1962). In regard to Davis' argument that the trial Court abused its discretion in limiting to nineteen the number of witnesses that would be produced at government expense, we are satisfied that this was not an abuse of discretion within the rule of Taylor v.

United States, 329 F.2d 384 (5 Cir. 1964).

 Thirdly, Davis asserts that the evidence in the case *sub judice* fails to support all the conclusions reached by the jury. A study of the record does not sustain such an argument. Associated with this point, error is assigned by Davis to the trial Court's permitting the testimony of Dr. Berkowitz since his analysis of the appellant's mental state was based upon observation which commenced six months after the bail jumping offense. However, this Court has held, "In ascertaining a defendant's mental condition, it is proper to receive evidence of the condition of his mind during a reasonable period both before and after the offense if it has any tendency to throw light on the condition of his mind at the time of the act charged * * *." Breland v. United States, 372 F.2d 629 (5 Cir., 1967). The rule as stated in *Breland,* supra, by Judge Coleman is well founded in the case law and leads us to conclude that no error was committed as to the allowance of Dr. Berkowitz's testimony. In conclusion, we address ourselves to the question of the impropriety of the so-called "Allen Instruction" or "dynamite charge" by simply stating that the record reveals no prejudice to Davis as a result of this instruction.

However, this case must be reversed in that the instruction as to insanity does not conform with the proper standard as it has been recently developed by this Court. The District Court at the trial below in instructions to the jury defined insanity in accord with the teachings of the dictum of Davis v. United States, 165 U.S. 373, 378, 17 S. Ct. 360, 41 L.Ed. 750, which standard this circuit followed in Howard v. United States, 232 F.2d 274 (en banc), affirming 229 F.2d 602. See also Carter v. United States, 325 F.2d 697 (5 Cir., 1963) (en banc), cert. den. 377 U.S. 946, 84 S.Ct. 1353, 12 L.Ed.2d 308, where the propriety of the *Davis* standard was affirmed by an equally divided court.

In Blake v. United States, 407 F.2d 908, this Court in an en banc decision adopted a new standard for use in defining insanity in this Circuit where the defense of insanity is in issue. Moreover, this Court held in *Blake*, supra, that the new definition of insanity is to apply prospectively and to encompass those cases now on appeal.[1] As the case at hand was on appeal at the time of rendition of *Blake* supra, the judgment of the District Court is reversed, and the case is remanded for a new trial.

Reversed and remanded.

---

1. United States of America v. Lepiscopo, 5 Cir. (1969), 409 F.2d 843.