**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**TSOI KWAN SANG.**

**No. 26449.**

United States Court of Appeals
Fifth Circuit.

Aug. 11, 1969.

Rehearing Denied and Rehearing En Banc Denied Oct. 1, 1969.

---

Richard Matthews, New Orleans, La., court appointed, for appellant.

Louis C. LaCour, U. S. Atty., George P. Hand, Jr., Horace P. Rowley, III, Asst. U. S. Attys., New Orleans, La., for appellee.

Before BELL and GOLDBERG, Circuit Judges, and ATKINS, District Judge.

BELL, Circuit Judge:

The judgment of conviction contested here was entered upon a jury verdict finding the defendant guilty of fraudulently and knowingly importing narcotic drugs into the United States in violation of Title 21 U.S.C.A. § 174. The drugs in question consisted of crude as well as prepared opium.

■ One of the defenses asserted was insanity at the time of the commission of the offense. Contrary to the government's position, we find that the evidence was sufficient to require submission of the issue to the jury. The charge given did not comport with the requirements of Blake v. United States, 5 Cir., 1969, 407 F.2d 908, that case not having been decided at the time. *Blake* was made applicable to cases then on appeal and thus reversal for a new trial is dictated. See Hausmann v. United States, 5 Cir., 1969, 407 F.2d 1339; Hodges v. United States, 5 Cir., 1969, 409 F.2d 845; Theriault v. United States, 5 Cir., 1969, 409 F.2d 1313; United States v. Bryan, 5 Cir., 1969, 412 F.2d 841; United States v. Davis, 5 Cir., 1969, 411 F.2d 570; United States v. Hankins, 5 Cir., 1969, 410 F.2d 753; United States v. Lepiscopo, 5 Cir., 1969, 409 F.2d 843; United States v. Marbley, 5 Cir., 1969, 410 F.2d 294.

There are several additional assignments of error. Decision will be pretermitted as to those not likely to recur on a subsequent trial. As to the remaining assignments, two will be finally resolved. One of these is that the district court erred in denying a motion to suppress the opium seized during a search prior to arrest. We find this seizure proper as incident to a valid border search. Another, that the court committed error in denying the identity of an informer to appellant, is also without merit. Still another question, involving the sufficiency of Miranda[1] warnings, and whether the Fifth and Sixth Amendment rights under *Miranda* were waived, can best be determined after a full factual development in the event of a new trial.

Appellant, a Chinese seaman, was aboard the M/V Enotis, a Greek vessel which arrived at the Port of New Orleans from Japan. In the late afternoon of November 5, 1967, he boarded the Port Ship Service launch to go ashore at the town of Arabi, Louisiana. Appellant was the only Chinese coming ashore aboard this launch.

Upon arrival he walked across the docking area and through the Port Ship Service office, a distance of approximately twenty-five yards, and then proceeded across a city street another twenty-five yards to a bus stop. At that point two customs agents stopped him. They identified themselves and twice asked him what was in the package under his coat. Receiving no reply, they seized the package which he was carrying under his left arm between his overcoat and suit coat. It was immediately examined, found to contain opium, and appellant was placed under arrest. The agents acted upon information received from an informant.

■ Appellant urges that the evidence obtained during this warrantless search was inadmissible because of the absence of probable cause for the search. The district court relied on the border search doctrine. We agree and conclude that the action of the agents complied with the constitutional requirement of reasonableness and constituted a valid border search.

■ Customs officials are authorized to stop and examine any person ar-

1. Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

riving in the United States on suspicion that merchandise is concealed which is subject to duty or which cannot legally be imported into the United States. Title 19 U.S.C.A. § 482. This statute creates a class of searches exempt from the rigors of the traditional notion of probable cause. Suspicion that a person is carrying merchandise unlawfully imported into the United States is sufficient provided the Fourth Amendment requirement of reasonableness is met. Walker v. United States, 5 Cir., 1968, 404 F.2d 900; Morales v. United States, 5 Cir., 1967, 378 F.2d 187; Thomas v. United States, 5 Cir., 1967, 372 F.2d 252.

The facts and circumstances of this case establish that the search was reasonable. The agents had information from an informer that a Chinese seaman named Tsoi from the M/V Enotis would be bringing opium ashore on the afternoon of November 5. After learning that seamen from that ship were using the Port Ship Service, the agents stationed themselves outside the docking area. Appellant was the only Chinese among the group of seamen that arrived aboard the Port Ship Service launch at the time. As he walked from the docking area to the bus stop the agents observed that he was carrying a package under his coat. The search took place approximately twenty-five yards from the docking area and within a matter of minutes after appellant disembarked from the launch. These circumstances combined with the informant's tip established a basis for suspecting that appellant was bringing ashore merchandise which could not legally be imported into the United States. They also demonstrate that the requisite reasonableness existed.

█ The second assignment of error, that the trial court erred in sustaining the government's objections to appellant's questions seeking the identity of the informant, is likewise without merit. Appellant contends that he was entitled to examine the informant on the issue of entrapment. It was appellant's position that a person whom he believed to be the informant had induced him to bring the opium ashore. This, however, even if true, would not establish the defense of entrapment as urged. Appellant is charged with fraudulently and knowingly importing and bringing narcotic drugs into the United States. That offense occurred when appellant, aboard the M/V Enotis, crossed into United States waters with the opium in his possession. Palmero v. United States, 1 Cir., 1940, 112 F.2d 922; United States v. Morello, 2 Cir., 1957, 250 F.2d 631; United States v. Lee Foo Yung, S.D.N. Y., 1942, 46 F.Supp. 147. Appellant does not contend that the informant induced his bringing the narcotics to the United States, but only that the informant persuaded him to bring the opium ashore. He met the supposed informant only the day before.

Appellant's reliance on Portomene v. United States, 5 Cir., 1955, 221 F.2d 582, is misplaced. The narcotics conviction there was reversed because the government had been permitted to withhold the identity of the informant who purchased opium from the defendant. That sale constituted the crime for which Portomene was convicted. The informant did more than inform, he was an active participant in the crime. Under those circumstances the court concluded that the informant's identity was material to the defense. The requirement of materiality of the informer to a defense asserted is also the teaching of Roviaro v. United States, 1957, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639.

Here, however, there was no sale. The informant was not a participant in the crime for which appellant was convicted. Indeed, under his own allegations, appellant had committed the offense of importing opium into the United States before he first met the informant. The identity of the informer was not material to the defense. The district court did not err in this ruling. Cf. McCray v. Illinois, 1967, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62; Unit-

ed States v. Acosta, 5 Cir., 1969, 411 F. 2d 627.

The last assignment of error to be considered involves the admission into evidence of statements made by appellant subsequent to his arrest and also the admission of additional opium seized on board ship as a result of those statements. Whether this evidence was admissible turns on appellant's ability to understand English to the extent that he comprehended his Fifth and Sixth Amendment *Miranda* rights so as to be able to waive them. This question was not squarely raised until after trial. It was then presented in a motion for new trial based on a quasi-newly discovered evidence approach—that appellant could not understand the English language. Whether advice as to the right to have counsel present during interrogation was given at all is not clear but no complaint is made as to this.

The long and short of the situation is that the district court, in ruling on the motion, indicated grave doubt as to appellant's ability to comprehend his *Miranda* rights to the extent of being able to waive them. There was no clear harmless error ruling but we perceive this to have been the basis of the court's ruling against appellant. It is enough to say now that these *Miranda* rights could not be avoided on the idea that this evidence was of no moment in light of the large quantity of opium which was properly admitted into evidence. We are not satisfied beyond a reasonable doubt that the admission would have been harmless error. Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. The *Miranda* questions, nevertheless, may be better resolved if and after they are fully presented in the district court in a full adversary context. We therefore decline to go further than saying that the district court applied an improper legal standard in the harmless error approach.

Reversed and remanded for further proceedings not inconsistent herewith.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

### PER CURIAM:

The Petition of the United States for Rehearing is Denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

The opinion of the court in this matter does not conflict with Bailey v. United States, 5 Cir., 1967, 386 F.2d 1. Here, the evidence of insanity goes well beyond mere addiction.