**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Johnny Ray SMITH, Defendant-Appellant.**

**No. 27096.**

United States Court of Appeals,
Fifth Circuit.

April 7, 1970.

---

Henry Barksdale, Pensacola, Fla., for appellant.

Clinton Ashmore, U. S. Atty., C. W. Eggart, Jr., First Asst. U. S. Atty., Pensacola, Fla., for appellee.

Before RIVES, BELL and DYER, Circuit Judges.

PER CURIAM:

This is an appeal from a jury verdict finding the appellant guilty of unlawful interstate transportation of a stolen motor vehicle in violation of 18 U.S.C.A. § 2312.

■ One of the defenses asserted was insanity at the time of the commission of the offense. We find that the evidence was sufficient to require submission of the issue to the jury. It was submitted but the charge given did not comport with the requirements of Blake v. United States, 5 Cir., 1969, 407 F.2d 908, that case not having been decided at the time. *Blake* was made applicable to cases then on appeal and thus reversal for a new trial is dictated. See United States v. Pedrero, 5 Cir., 1969, 416 F.2d 1235; United States v. Tsoi Kwan Sang, 5 Cir., 1969, 416 F.2d 306; Davis v. United States, 5 Cir., 1969, 413 F.2d 1226; United States v. Meadows, 5 Cir., 1969, 412 F.2d 860; United States v. Bryan, 5 Cir., 1969, 412 F.2d 841; United States v. Davis, 5 Cir., 1969, 411 F.2d 570; United States v. Hankins, 5 Cir., 1969, 410 F.2d 753; Theriault v. United States, 5 Cir., 1969, 409 F.2d 1313; Hodges v. United States, 5 Cir., 1969, 409 F.2d 845; United States v. Lepiscopo, 5 Cir., 1969, 409 F.2d 843; Hausmann v. United States, 5 Cir., 1969, 407 F.2d 1339.

There are several additional assignments of error. Decision will be pretermitted as to those not likely to recur on a subsequent trial.

■■ As to remaining assignments of error, six will be finally resolved. The court did not err in denying the motion for judgment of acquittal. It was proper to admit the confession of defendant. The exceptions to the jury charge are without merit. The testimony of the fingerprint expert was ad-

missible from the standpoint of his qualifications being established and also from the standpoint of comparative fingerprints.

 We pretermit the questions arising from the alleged improper search of the impounded vehicle. There was no objection to the fingerprint evidence which was discovered as a result of the search and therefore the record was not developed to the extent that a rational decision can be made on the question. Compare United States v. Adams, 5 Cir., 1970, 423 F.2d 175, on the search of an impounded vehicle. The identification number taken from the vehicle was admissible. United States v. Johnson, 5 Cir., 1969, 413 F.2d 1396.

Reversed and remanded for further proceedings not inconsistent herewith.