**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael HAWKINS, Defendant-Appellant.
No. 27620.**

United States Court of Appeals,
Fifth Circuit.
April 23, 1970.

Jerald David Mize, Houston, Tex., for defendant-appellant.

Michael Hawkins, pro se.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Edward McDonough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before THORNBERRY, DYER and CLARK, Circuit Judges.

DYER, Circuit Judge:

Appellant Hawkins pleaded not guilty by reason of insanity to charges of smuggling a narcotic drug and concealing and facilitating the transportation and concealment of a narcotic drug (21 U.S.C.A. § 174). The case was tried to the court without a jury on January 20, 1969, and Hawkins was convicted. He was sentenced on March 17, 1969.

During the pendency of this case in the District Court, the decision in Blake v. United States, 5 Cir. 1969, 407 F.2d 908 (En Banc) was handed down on February 12, 1969. *Blake* changed the standard of determining insanity from ·one of absolute incapacity to understand the wrongfulness of an act or to resist committing it to a standard of "substantial incapacity" of an accused to appreciate its wrongfulness or to conform his conduct to the requirements of the law.

Hawkins presents two questions for appeal. He argues first that he is entitled to a new trial in light of *Blake* and, second, that the evidence was insufficient to establish his sanity. Because we agree with Hawkins' first contention we find it unnecessary to pass upon the sufficiency of the evidence.

In *Blake* we said that the "new definition of insanity" there established for this circuit "is to apply prospectively only, i. e., from the date of this decision, except as to those cases now on appeal." *Id.* at 916. The Government agrees that the standards laid down in *Blake* are controlling in the case *sub judice* since judgment in this case had not become final at the time of the *Blake* decision. Nevertheless, the Government urges that we affirm the District Court because its decision "is not patently inconsistent with *Blake,* and under the circumstances it should be presumed that the judge was cognizant of the *Blake* decision." We cannot agree. In the absence of any indication in the District Court's unreported opinion that it was cognizant of *Blake* and the effect *Blake* would have

on this case, we must assume the court either was not cognizant of the case or did not consider its effect on the instant case.[1]

Alternatively, the Government urges that, at most, since the case was tried to the court and not to a jury, all that is required is a remand for reconsideration and appropriate findings by the District Judge sitting without a jury. In this way, the Government says, if the trial judge adheres to his original conclusion, all that would be necessary is the making of new findings formulated in terms of the *Blake* standard. However, it is not true, as the Government contends, that Hawkins had an opportunity at his original trial to present all the evidence relating to his defense of insanity. He did not have the opportunity of framing questions to the expert and lay witnesses in terms of the *Blake* standard. One expert found him insane under the pre-*Blake* standard, but one found him sane. The conclusion of the second expert may well be different when questions to him are framed in terms of substantial incapacity rather than in terms of absolute incapacity. Therefore, we conclude that Hawkins is entitled to a new trial.

The judgment of conviction is reversed and the case is remanded for a new trial in light of Blake v. United States. See United States v. Pedrero, 5 Cir. 1969, 416 F.2d 1235; United States v. Tsoi Kwan Sang, 5 Cir. 1969, 416 F.2d 306; Davis v. United States, 5 Cir. 1969, 413 F.2d 1226; United States v. Bryan, 5 Cir. 1969, 412 F.2d 841; Theriault v. United States, 5 Cir. 1969, 409 F.2d 1313; Hodges v. United States, 5 Cir. 1969, 409 F.2d 845; United States v. Lepiscopo, 5 Cir. 1969, 409 F.2d 843.

Reversed and remanded.

1. The District Court's findings are not phrased either in terms of the pre-*Blake* standard or the *Blake* standard. The Court merely concluded, without reference to any standard, that it was "completely unconvinced that the defense of insanity has any merit" because of the tenor of

some of the expert testimony and because "the defendant's conduct prior to and immediately after the offense shows a high degree of orientation, understanding of his conduct, the illegality of it, and a degree of cunning in attempting to place the guilt upon his companions."