Benjamin Altman, j.
Shortly after defendant’s escape from Manhattan State Hospital, the defendant was arrested for the crimes of burglary in the third degree (Penal Law, § 140.20) ánd resisting arrest (Penal Law, § 205.30). Pursuant to CPL 730.30, an order of examination was issued to determine whether the defendant was an “ incapacitated person ”, that is, whether the defendant “as a restílt of mental disease,or defect lacks capacity to understand the proceedings against him or to assist in his own defense ” (CPL 730.10, subd. 1).
*858 A hearing was held to determine whether the defendant was an incapacitated person. Based on the testimony presented at the hearing, the reports submitted to the court, and the court’s own observation of the defendant, the court is satisfied that the. defendant is an incapacitated person. In making this finding, the court, for the reasons explained below, holds that the People . had the burden qf proving by a preponderance of the evidence that the defendant was not an incapacitated person.
Article 730 of the OPL, dealing with fitness to proceed, contains no provision concerning the burden of proof. Nor does there appear to be any appellate resolution of the issue in this jurisdiction. In both People v. Swallow (60 Misc 2d 171 [Supreme Ct., Richmond County, 1969]) and People v. Gibbons (63 Misc 2d 354 [Supreme Ct., Bronx County, 1970]) it was .suggested that the burden of proving present capacity was on the People. While both cases agreed that the burden of proof was on the People, the extent of the burden was not agreed upon. In People v. Swallow (supra), it was suggested, although not held, that where a defendant creates a reasonable ground for believing that he was incapable of standing trial, the burden would be shifted to the prosecution to prove the defendant’s mental capacity beyond a reasonable doubt. In People v. Gibbons (supra), it was held that the People had to prove by a preponderance of the evidence that the defendant-was not incapable of standing trial.
A study of case law in other jurisdictions shows a lack of Uniformity on the issues of who should bear the burden of proof at a hearing to determine fitness for trial and what the burden of proof should be. Thus, one jurisdiction has imposed upon the State the burden of proving beyond a reasonable doubt that the defendant has capacity tq stand trial (Jenkins v. State of Maryland, 238 Md. 451 [1965], vacated on other grounds 383 U. S. 834 [1966]; Dudonis v. State, 9 Md. App. 245 [1970]), while a second jurisdiction has held that the State has the burden of proving by a preponderance of the evidence that the defendant is capable of standing trial (People of Illinois v. Bender, 20 Ill. 2d 45 [1960]). Other jurisdictions have held that it is the defendant who has the burden of proving by a preponderance of the evidence that he is not capable of standing trial (State of Louisiana v. Gray, 258 La. 852 [1971] ; State of New Mexico v. Armstrong, 82 N. M. 358 [1971] ).
In the absence of legislative and appellate court guidance to the contrary, this court- feels that it would be inappropriate to impose upon the People a standard of prqving beyoud a rea? *859 sonable doubt that the defendant is not an incapacitated person. That type of standard should not be applied, because the determination to be made after a hearing pursuant to article 730 of the CPL is not a determination of the guilt or innocence of the defendant as to the actual commission of the crime but rather whether the defendant lacks capacity to understand the proceedings against him or to assist in his own defense because of a mental disease or defect. A proceeding to determine fitness to stand trial is not a replacement for a trial which would determine guilt or innocence (see People v. Pollard, N. Y. L. J., May 1, 1967, p. 26, col. 8; see, also, Commonwealth of Pennsylvania v. Bruno, 435 Pa. 200 [1969] ; People of California v. Fields, 62 Cal. 2d 538 [1965]).
Recognizing that it is a fundamental rule of law that every individual is presumed sane, this court is of the opinion that in hearings pursuant to CPL 730.30 to determine whether an individual is an incapacitated person because of a mental disease, the defendant has the initial burden of going forward with evidence to rebut the presumption of sanity and show that the defendant lacks capacity to understand the proceedings against him or to assist in his own defense. Once evidence showing that the defendant is an incapacitated person has been introduced, the presumption of sanity, which in this case would include a presumption that there is no mental disease resulting in a lack -of capacity by the defendant to stand trial, would be rebutted and the People would then have the burden of proving by a preponderance of evidence that the defendant is not an incapacitated person. This court is in accord with what was stated by the Supreme Court of Illinois in People of Illinois v. Bender (20 Ill. 2d 45, 53-54) that “ It would be a strange rule * * * to impose upon [the defendant] [sic] the burden of proving his own incompetence, for the very disability which he would be seeking to prove renders him incapable, either logically or legally, of sustaining this burden of proof.”