THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GEORGE SANTOS, Appellant.

Second Department, December 3, 1973.

*Frank DiMarco* for appellant.

*Carl A. Vergari, District Attorney (Janet Cunard* of counsel), for respondent.

SHAPIRO, J.   The defendant was given a pretrial hearing to determine his competency to stand trial, pursuant to the provisions of CPL 730.30.   At its conclusion, the hearing Justice concluded that the People had demonstrated, *by a fair preponderance of the credible testimony*, that the defendant was not in such a state of insanity as to be incapable of understanding the charge against him, or the proceedings, or of assisting in his defense (CPL 730.10, subd. 1).

After an ensuing jury trial the defendant was convicted of manslaughter in the first degree.   Since we have concluded upon a review of the trial record that both the defendant's sanity and his guilt were amply demonstrated beyond a reasonable doubt and that no prejudicial error was committed at the trial, the only question which we shall discuss in this opinion — one which has not been answered in this State on an appellate level — is whether at a pretrial hearing to determine whether the defendant can stand trial the burden of proving competency must be sustained by the People beyond a reasonable doubt or whether the preponderance of evidence standard used here by the trial court was correctly applied.

### THE PROOF ADDUCED AT THE COMPETENCY HEARING.

Dr. Siegfried Soika, a court-appointed psychiatrist, testified that the defendant had spoken coherently and had responded

appropriately to his questions. He had detected some evidence that the defendant was suffering from a chronic mental condition and some indication of psychosis. The witness stated that the defendant had appeared " dull in effect " and " remarkably blocked emotionally on the entire question of being guilty or innocent, as well as blocked and being unable to recall any incident regarding the alleged murder." He had the impression that the defendant was a " chronic schizophrenic ". He characterized that condition as a disassociation between thought and emotion. In his opinion, however, the defendant was not in such a state of idiocy, imbecility or insanity as to be incapable of understanding the charges against him or the proceedings or of making his defense.

Dr. A. Leonard Abrams, another court-appointed psychiatrist, agreed that the defendant was competent to stand trial. It was his opinion that the defendant suffered from a chronic mental illness which has resulted in some loss of judgment and that the defendant was operating at a borderline level. Neither of these witnesses was familiar with the defendant's prior history of hospitalization.

Dr. Nicholas Locascio, a psychiatrist called by the defense, who had studied the defendant's hospital records, testified that since at least 1961 the defendant was suffering from schizophrenia, mixed type, and was at times paranoid and at times catatonic. Beginning in 1961 he was hospitalized four times for short periods as the result of schizophrenic episodes and was hospitalized for six weeks at the Hudson River State Hospital between May and July, 1969. The diagnosis on each of those occasions was that of chronic schizophrenia. On each occasion he was discharged when the intensity of his condition improved. However, the underlying condition remained unchanged. When Dr. Locascio saw the defendant in jail he was in a passive state because, in the witness' opinion, he was in a regulated environment and was not subjected to stresses. Dr. Locascio believed that the defendant's condition could become activated at any time when the pressures on him became more than he could handle, that this could happen during the trial and that the defendant was therefore not capable of assisting his attorney in his defense.

Upon the record thus made we find no warrant for disturbing the conclusion of the hearing Justice that the defendant's competency to stand trial was established by a fair preponderance of the credible evidence.

THE LAW

Interestingly, neither article 730 of the CPL nor its predecessor sections (Code Crim. Pro., § 658 *et seq.*) discuss the standard of proof at a competency hearing, although those provisions otherwise deal, in a comprehensive way, with the appropriate procedures.

Other jurisdictions vary widely in their resolution of this problem. Some jurisdictions *place the burden upon the defendant* to demonstrate by a preponderance of the evidence that he is incapable of standing trial (see *State* v. *Gray,* 258 La. 852; *State* v. *Armstrong,* 82 N. M. 358), while others hold that the People have the burden of demonstrating the defendant's capacity to stand trial, either by proof which is satisfactory beyond a reasonable doubt (see *Jenkins* v. *State,* 238 Md. 451, vacated and remanded on other grounds 383 U. S. 834) or by a preponderance of the evidence (*People* v. *Bender,* 20 Ill. 2d 45; *State* v. *Riviere,* 225 La. 114; *State* v. *Jenkins,* 236 La. 256; *Commonwealth* v. *Simanowicz,* 242 Pa. 402; *Jordan* v. *State,* 124 Tenn. 81).

There is a similar lack of uniformity in the decisions of trial courts in this State. In *People* v. *Swallow* (60 Misc 2d 171), the court concluded that the burden of establishing the defendant's competence to stand trial lay with the People and suggested that the burden should be met by proof which is satisfactory beyond a reasonable doubt. On the other hand, in *People* v. *Gibbons* (63 Misc 2d 354) and in *People* v. *Veda* (73 Misc 2d 857) the trial court held that the People could satisfy their burden by a preponderance of the evidence.

There seems little doubt that the ultimate burden of establishing the defendant's sanity *at the time of the commission of the crime,* and by proof of that fact *beyond a reasonable doubt,* rests upon the People (see *People* v. *Mullooly,* 37 A D 2d 6, 8), but, as the issue of the defendant's *competence to stand trial* is collateral to the question of his guilt or innocence of the crime charged, there is no constitutional requirement that the reasonable doubt standard be applied (cf. *Lego* v. *Twomey,* 404 U. S. 477, 487–489).

In determining which standard should be applied we have concluded that the interest of justice does not require proof beyond a reasonable doubt and that the rights of a defendant are amply protected by holding that when the issue of his mental competence to stand trial is properly raised the People are only required to establish that competence by a preponderance of the evidence (see *United States* v. *Marbley,* 410 F.

2d 294). The hearing Justice determined that the People had satisfied that requirement and our review of the evidence in the record indicates no reason for disturbing that conclusion.

Under the circumstances, the judgment appealed from should be affirmed.

HOPKINS, Acting P. J., LATHAM, CHRIST and BENJAMIN, JJ., concur.

Judgment of the County Court, Westchester County, rendered April 19, 1971, affirmed.