■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARNOLD REASON, Appellant.— Judgment, Supreme Court, New York County, rendered November 10, 1972, convicting defendant of murder and attempted murder is affirmed. An order of this court has permitted two appellant briefs, by the defendant *pro se* and by counsel assigned for the appeal. With the proof at the trial sufficient for conviction, we are concerned only with the counsel's argument that the defendant has been denied his constitutional right to an effective counsel by his irrational refusal to permit an appeal on the question of his competency, which is in turn linked to his irrational refusal on the trial to resort to an insanity plea. Since a defendant may waive right to counsel, but only if he is competent (*Rice* v. *Olson*, 324 U. S. 786), counsel's argument has raised the question it was designed to avoid. In a meticulous concern for his rights, the defendant has been twice examined, before trial and before sentencing. The psychiatrists found, as the defendant himself has persistently maintained, that he was competent to understand the charges and to co-operate in a defense against them. We cannot ignore or discount these unassailed professional opinions to favor our own psychoanalysis, nor do we view *People* v. *Bornholdt* (33 N Y 2d 75), relied on by counsel, as a directive that we should. Neither can we adopt counsel's suggestion that we appoint an *amicus curiae* to raise the competency question on appeal. It has in effect been raised. Furthermore, a partisan *amicus curiae* is a contradiction in terms (*Central Hanover Bank & Trust Co.* v. *Saranac Riv. Power Corp.*, 243 App Div 843). Concur— Markewich, J. P., Murphy, Capozzoli and Lynch, JJ.; Kupferman, J., concurs in a memorandum, and Murphy, J., dissents in a memorandum, as follows: Kupferman, J. (concurring): The dissent well poses the problem, but merely postpones a solution. As the court's opinion points out, we have in reality already considered the question on the basis of counsel's suggestion. His "I am not permitted by my client to say but" approach has clearly delineated the situation. (See *People* v. *Bornholdt*, 33 N Y 2d 75.) What we now have is

really a procedural question. Competent laymen ("lay" in the psychiatric area although clearly more professional in the legal area) have been alerted to the defendant's perceived condition. The professionals in the psychiatric area have said he was legally competent to stand trial, and if legally competent, he can waive his right to counsel. If the burden of proof as to competency is one to be sustained by the People of the State of New York beyond a reasonable doubt, then that burden has not been met and the conviction should be reversed. If the burden is one of preponderance only, which it seems to be (*People* v. *Santos*, 43 A D 2d 73; *People* v. *Gibbons*, 63 Misc 2d 354), it can be said that such burden has been sustained because in this area, the lawyers (and Judges), in theory at least, should defer to some extent to the expertise of the psychiatrists. Murphy, J. (dissenting): In light of defendant's incomprehensible handwritten brief, *pro se*, and the disturbing implications of assigned counsel's brief, I cannot, in good conscience, affirm this conviction, or even consider this appeal, in its current state. Defendant, who has a fairly extensive history of prior hospitalizations at Dannemora, Central Islip State Hospital and Bellevue, was convicted of the senseless, motiveless murder of one human being and the attempted murder of another; and was sentenced to State prison for concurrent indeterminate terms of 25 years to life. Prior to trial, defendant was sent to Bellevue for examination and returned as "not psychotic". At commencement of his trial defendant insisted on acting as his own counsel. Assigned counsel sat at his side in an advisory capacity. After appellant's bizarre and irrational opening statement the experienced Trial Justice, *sua sponte*, volunteered that in the interest of justice he would permit defendant to file a notice of intention to rely on the defense of insanity and urged him to serve and file such notice. Defendant declined to do so, and has steadfastly maintained that he is competent. After conviction and prior to sentence a still obviously disturbed trial court ordered a post-conviction competency hearing to determine defendant's mental fitness to proceed. Defendant was again permitted to act as his own attorney. After an apparently perfunctory psychiatric examination, two psychiatrists opined that defendant had a "paranoid personality", but was legally competent at the time of trial and at the hearing. At sentencing, one of defendant's "advisory counsel" restated his disagreement with defendant, the court and the psychiatrists with regard to defendant's sanity. After imposition of sentence, defendant filed a notice of appeal *pro se* and we appointed present appellate counsel. This attorney then reviewed the transcript and proceedings below and concluded that the only viable claim which could be asserted on appeal was that defendant, at the time of trial, was an "incapacitated person" (CPL 730.10). A cursory review of the record would indicate that such contention is not frivolous. However, defendant has instructed counsel not to press such argument. As a result of such instruction, counsel felt compelled to apply for an order relieving him of this assignment. We denied the application and directed him to file his brief, with leave to defendant to file a supplemental brief *pro se*, if so advised. As above noted, defendant availed himself of the permission granted him and filed a brief which is no more comprehensible than his trial testimony. Counsel followed our direction but, of necessity, has essentially repeated his inability to properly represent defendant because of the restraints imposed upon him by his client. Counsel further submits that defendant has been effectively deprived of assistance of counsel and, in the unusual circumstances here presented, suggests the appointment of another attorney to file a brief *amicus* in defendant's behalf. The District Attorney, while conceding that a novel question may be involved if appellant is now mentally incapacitated, nevertheless presses for an affirmance

on the assumption that defendant is still sane and has knowingly and voluntarily waived the issue. That argument, of course, begs the question. The State may not, and must provide adequate safeguards to insure that it will not, convict a legally incompetent person of a crime. (*Pate* v. *Robinson,* 383 U. S. 375; *People* v. *Hudson,* 19 N Y 2d 137.) Counsel's suggestion that we appoint an attorney to file a brief *amicus* is well considered. Although assigned counsel has requested that he be not so designated, I would nevertheless appoint him because of his familiarity with the case and his concern for appellant. Accordingly, I would now relieve counsel of his assignment and designate him as *amicus* to brief the novel question raised hereon and, pending the receipt and consideration of such brief, withhold determination of the appeal.