Joel J. Tyler, J.
PROBLEM
Has the defendant’s admitted mental disease now assumed such stature that he is unable to understand the proceedings against him or assist counsel in his defense? This condition, if found to exist, would categorize him as an "Incapacitated person” (CPL 730.10, subd 1) and abort further proceedings with respect to any of his three outstanding cases. Examination by two psychiatrists was ordered and a hearing was thereafter held under CPL 730.30 to determine defendant’s competency.
DECISION
Upon all of the evidence, including my careful scrutiny of the defendant during the hearing, I am constrained to find that the People have met their burden in establishing, by a fair preponderance of the credible testimony and other evidence, that the defendant’s mental disease or defect did not, at the time of the psychiatric examinations, prevent him from understanding the charges against him, or the proceedings, or of assisting in his defense, and that there is no contrary evidence at this time.
THE ISSUES
The defense argues:
1. Although the defendant’s psychosis may possibly have been in remission on the date of examinations, the condition may be overt on the date of the hearing or will be at the trial, a real likelihood in light of his history. Accordingly, the psychiatric findings are not conclusive or even substantially persuasive.
2. The People have the burden of proving competency *312 beyond a reasonable doubt and they have failed to do so. Counsel cites in support, People v Swallow (60 Misc 2d 171).
3. Dusky v United States (362 US 402) propounds the test to be applied in the appraisal of the psychiatric reports and testimony.
DISCUSSION
Two concededly qualified psychiatrists, one of whom is the Director of the Bronx-Lebanon Mental Health Center, with particularly impressive qualifications, testified for the People. They were in agreement.
In essence, they testified, supported by their written reports, that the defendant was a chronic schizophrenic; that this condition was of long standing, but when examined, it was in remission; that it is possible that this affliction could become overt, but it was impossible to predict when and under what circumstances this would occur; that the stress of a trial, with its concomitant anxieties and pressures under cross-examination, may or may not necessarily trigger the active advent of his mental disease; that a study of his prior psychiatric examinations, had relative to prior criminal cases and placed in evidence, revealed that he was found incompetent in September, 1971 but found competent in January, 1973, when he was then diagnosed as "chronic schizophrenia in remission.” However, in March, 1975, he was found incompetent to stand trial; that his psychotic condition was in remission again on September 16, 1975, the day of his last examination, and he was then "well oriented as to time, place and person,” as one witness noted. Although he is vague in some respects, the doctors reported, there is no interference with his clear understanding of the charges against him; that such limited vagueness as to past events is not necessarily an aberration, since it affects the normally stable as well; that he understands the role of the Judge, jury, District Attorney and defense counsel; that he has been confined in a State mental hospital for short periods of time on several occasions. One doctor stated that defendant was not taking any medication, while the other failed to inquire in this respect, but responded to a direct question that the profession is in disagreement whether medication could mask an active underlying psychiatric pathology from discovery by a searching psychiatrist. They affirmed that psychiatry at present deals with possibilities and not probabilities, and thus are unable to predict defendant’s future condi *313 tion or conduct at any particular time, although at the time of the examination he understood the charges against him, limited to those discussed with him by the doctors, and he was able to co-operate with counsel in his defense.
The defense presented no witnesses.
In appraising the psychiatrists’ testimony, I am reminded that, "We cannot ignore or discount these unassailed professional opinions to favor our own psychoanalysis”. (People v Reason, 44 AD2d 533, affd 37 NY2d 351.) Mr; Justice Kupferman emphasized that observation in his concurring opinion, by stating (p 534) that "lawyers (and Judges), in theory at least, should defer to some extent to the expertise of the psychiatrists.”
Firstly, it is apparently correct that defendant’s presently dormant psychosis may activate at any time, but, as the doctors testified, the time and circumstances which would precipitate the active state are wholly unpredictable. That factor alone presents no legal basis for a finding of incompetence. (People v Santos, 43 AD2d 73.) The court cannot deal with inchoate and ethereal possibilities. If there is any real indication that defendant’s condition has deteriorated and he has become an incapacitated person at a later date, either before, during or after trial but before imposition of sentence relative to his misdemeanor case, or before he is held for Grand Jury action with respect to the two felony cases, then a new examination could be ordered. (CPL 730.30.)
Furthermore, the fact that defendant requires psychiatric treatment and would benefit from it, as the witnesses testified, is not, in and of itself, of significant legal dimension to support a finding of incompetence to stand trial. The existence of psychiatric deviation, in its varied forms of severity, is not the issue. If it were, the countless millions of our treatable, severe chronic neurotics (which includes so many of our "normal” citizens) would also be deemed incompetent for trial purposes. The salient issue is whether the existing mental disease has assumed such a debilitating effect and severity that it prevents the accused to understand "the proceedings against him or to assist in his own defense.” (CPL 730.10, subd 1.) Such understanding and assistance, the experts tell us, is possible in the cases of many psychotics.
Secondly, the burden of proving competency devolves upon the People as the final responsibility. But, it is well settled, that that burden is met if competency is established by a fair *314 preponderance of the credible evidence and not, as counsel maintains, beyond a reasonable doubt.
It is axiomatic that there is a presumption of sanity. (People v Silver, 33 NY2d 475, 480; Richardson, Evidence [10th ed], § 63.) However, "The presumption in fact can be challenged by the slightest creditable attack” and by " 'evidence * * * tending to establish insanity’ ” which is something less than " 'substantial evidence’ ”. (People v Silver, supra, pp 481-482; emphasis supplied.) Although Silver involves a consideration of the insanity defense during a trial, there appears no basis in logic or law to refuse defendant in a competency hearing the use of the same criterion or test in attacking the presumption of sanity as would apply during trial. And so, during a competency hearing the presumption is effectively challenged when defendant rebuts it with "the slightest credible” evidence merely "tending” to establish incompetency, and for this purpose "non-psychiatric proof’ may be sufficient as a matter of fact, but not as a matter of law. (People v Silver, supra, pp 481-482.) The defendant here effectively rebutted the sanity presumption, by the introduction of prior psychiatric reports which tended to establish incompetency.
The final burden — proving competency by a fair preponderance of the credible evidence — was met by the People in the unassailed testimony of the psychiatrists.
Defense reliance upon People v Swallow (60 Misc 2d 171, supra) is clearly misplaced. Counsel cites it for the proposition that the People’s burden is more onerous and is only met if competency is demonstrated beyond a reasonable doubt. A careful examination of that decision reveals no categorical statement of this kind. The court in Swallow (p 175) merely held that the "burden of establishing sanity rests upon the People.” In his attempt to identify the quality of that burden, the Judge discussed People v Esposito (287 NY 389), which he noted merely would "suggest” that mental capacity is to be demonstrated beyond a reasonable doubt in a competency hearing.
Arguendo, if Swallow supports the contention that mental capacity must be proved beyond a reasonable doubt, not only during trial but also to ascertain if defendant should stand trial, then that view has since been expressly rejected by at least two Appellate Divisions and a number of lower courts, each of which holds that the People have met their burden if proof is established by a fair preponderance of the credible *315 evidence in a competency hearing under CPL 730.30. (People v Reason, 44 AD2d 533, 534, supra; People v Santos, 43 AD2d 73, 75-76; People v Gibbons, 63 Misc 2d 354, 355; People v Veda, 73 Misc 2d 857; People v Valentino, 78 Misc 2d 678, 685; People v Grieco, 82 Misc 2d 500, 504.)
Further, the question of competency to stand trial is merely a collateral issue to the charges. Mr. Justice Kupferman cogently concludes that in such a situation "preponderance should be sufficient”. (People v Gibbons, supra, p 355.) He appears to be the first Judge in our State to have delineated this persuasive rationale; others have since supported the logic, as aforesaid.
The reasoning therefore is also well expressed by my astute ex-colleague, Judge Benjamin Altman, when he notes that "A proceeding to determine fitness to stand trial is not a replacement for a trial which would determine guilt or innocence” and "that it would be inappropriate to impose upon the People a standard of proving beyond a reasonable doubt that the defendant is not an incapacitated person.” (People v Veda, supra, pp 858-859.)
Finally, defense directs our attention to Dusky v United States (362 US 402, supra). I have examined that case, and agree that it is not enough for the court to find " 'the defendant [is] oriented to time and place and [has] some recollection of events’ ”. Rather the test must be whether defendant has " 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him.’ ” The decision herein reflects the application of this standard as well.
Accordingly, the defendant is ordered to stand trial, and all motions, if any, preliminary thereto, shall be made within five days. Preliminary hearings, if desired, shall also be scheduled.