■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY OWENS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Dubin, J.), rendered September 22, 1981, convicting him of attempted manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

Four out of the five doctors who examined defendant in order to determine his fitness to stand trial agreed that he understood the charges and was able to assist his lawyer (CPL 730.10 [1]). A hearing was held and the court properly found that defendant's fitness had been proved by a preponderance of the evidence presented (*People v Santos,* 43 AD2d 73). Defendant was therefore competent to enter a plea of guilty (*People v Francabandera,* 33 NY2d 429).

The plea allocution, although sparse, satisfied the requirements of *People v Harris* (61 NY2d 9). Defendant was represented by counsel, acknowledged his guilt, and specifically stated that he did not want a jury trial. The plea was knowing and voluntary and pursuant to a negotiated agreement with the court and the prosecutor. Mangano, J. P., Gibbons, Niehoff and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY ROGERS, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered January 7, 1983, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Sufficient evidence was adduced to prove defendant's guilt beyond a reasonable doubt, and the testimony of the accomplice was amply corroborated as required by CPL 60.22. The other contentions raised by defendant have been reviewed and found to be meritless. Mollen, P. J., Mangano, Gibbons and Bracken, JJ., concur.