■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAZIE BOLLING, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered April 25, 1983, convicting him of kidnapping in the second degree, sexual abuse in the first degree, and robbery in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

After defendant's arraignment on a nine-count indictment charging him, *inter alia,* with kidnapping, sodomy and robbery, an examination of defendant was ordered pursuant to CPL article 730. Both court-appointed psychiatrists indicated that defendant was an incapacitated person. A subsequent motion by the People to have defendant examined by a psychiatrist of their choosing was granted, and that psychiatrist found defendant not to be an incapacitated person. A hearing was held pursuant to CPL 730.30 (4) and the hearing court found defendant to be capable of understanding the proceedings against him and assisting in his own defense *(see,* CPL 730.10 [1]). Defendant subsequently pleaded guilty and this appeal ensued.

The burden of proving that defendant is not an incapacitated person within the meaning of CPL 730.10 (1) by a preponderance of the credible evidence is on the People *(People v Carl,* 58 AD2d 948, *revd on other grounds* 46 NY2d 806; *People v Grisset,* 118 Misc 2d 450). The ultimate determination of this issue lies with the court *(People v Claron,* 103 Misc 2d 841), and where, as here, there is no objective proof of incapacity, the hearing court's perception may be relied upon *(People v Carl, supra).* Considering the conflicting medical testimony and the testimony of lay witnesses who were acquainted with defendant, it cannot be said that the hearing court's determination was against the weight of the credible evidence.

We have reviewed defendant's remaining contentions and find them to be without merit. Lazer, J. P., Mangano, Gibbons and Weinstein, JJ., concur.