OPINION OF THE COURT
John V. Vaughn, J.
This is an application by the District Attorney for an order directing the defendant to submit to a CPL article 730 examination to be conducted by a psychiatrist chosen by the People. The defendant has opposed the examination.
In this five-count indictment, defendant is charged with the crimes of murder, second degree (counts Nos. 1 and 4), rape, first degree (count No. 2), sexual abuse, first degree (count No. 3) and criminal contempt, second degree (count No. 5). After arraignment, the court ordered a CPL article 730 examination for the purpose of determining whether the defendant lacked capacity to understand the proceedings against him, or to assist in his own defense as a result of a mental disease or defect.
Upon completion of the examination, the examining psychiatrist and psychologist reported that they were of the opinion that the defendant was an incapacitated person. The People have contested that finding and now apply for the above order. The People predicate this request upon the ground that *607 they need the requested examination in order to meet their burden of proof at the hearing.
The case of People v Bolling (114 AD2d 416) relied upon by the People is not dispositive of this issue. It is true that in Bolling (supra) the trial court had ordered defendant to submit to an examination by a psychiatrist chosen by the District Attorney after the two appointed psychiatrists had found the defendant to be incapacitated. However, there is no indication in the memorandum opinion as to whether the defendant had consented to the examination, and the only issue apparently decided on the appeal was whether the trial court’s determination on the issue of incapacity was supported by the weight of the evidence.
The People acknowledge that there is no specific authority in CPL article 730 which authorizes this court to direct the defendant to submit to an examination to be conducted by a psychiatrist of the District Attorney’s choice. In fact, while the statute authorizes defendant to have his own psychiatrist present at the court-ordered examination, there is no similar authority for the District Attorney (CPL 730.20 [1]). A proposal by the CPL Advisory Committee to remedy this defect and allow a psychiatrist chosen by the District Attorney, as well as one chosen by defendant, to be present was defeated in the Legislature (1984 Annual Report of Advisory Committee on Criminal Law and Procedure to Chief Administrator of the Courts).
Nevertheless, the court finds that impartiality and fairness are essentially contained in the statutory scheme. It is the Director of the State mental institution, and not the court or the litigants, who selects the examiners (CPL 730.20 [1]; cf. People v Verrone, 96 AD2d 955). Upon receipt of the report, the statute authorizes either party, or the court itself, to demand a hearing (CPL 730.30 [2], [3], [4]). Moreover, if, after the hearing, the court is not satisfied that the defendant is not incapacitated, there is a further provision that the defendant be reexamined by different psychiatrists designated by the Director (CPL 730.30 [2]).
The court is aware of the fact that a defendant may always introduce psychiatric evidence of his own at these hearings, even though he is not seeking to do so in the present case (People v Christopher, 65 NY2d 417). In addition, the statutory scheme places the burden of establishing, by a preponderance of the evidence, defendant’s capacity to stand trial upon the *608 People (People v Santos, 43 AD2d 73; see, People v Silver, 33 NY2d 475). In the related area of the insanity defense, the courts have indicated that a defendant may not place his mental condition in issue and then place an insurmountable burden on the People to establish his sanity by refusing to cooperate or submit to a psychiatric examination (Matter of Lee v County Ct, 27 NY2d 432).
The statute in question gives the District Attorney the right to object to the psychiatrist’s findings and demand a hearing (CPL 730.30). At that hearing the burden of proof is on the People to establish the defendant’s capacity. To say that the District Attorney is assured the right to a hearing and to contest a psychiatric determination, but is not afforded the right to obtain the necessary psychiatric evidence, is a contradiction (see, People v Christopher, 65 NY2d 417, 424, supra).
Accordingly, the People’s application for an order directing the defendant to submit to a psychiatric examination is granted. The order shall provide that the defense attorney and any psychiatrist of his choosing may be present at the examination.