OPINION OF THE COURT
Norman J. Felig, J.
The defendant in this case, Juan Gonzalez, was arrested on July 7, 1986, in connection, inter alia, with the stabbing *1005 deaths of two individuals aboard the Staten Island Ferryboat Newhouse. Later that same day, the defendant was arraigned on the above matter in the Criminal Court, Richmond County, at which time an order was signed by the Judge presiding (McBrien, J.) directing the Director of Kings County Hospital to designate two qualified psychiatrists to examine the defendant in accordance with CPL article 730 to determine his fitness to proceed.
Subsequently, and on July 31, 1986, the defendant was indicted, inter alia, on two counts of murder in the second degree by the Grand Jury of Richmond County, and was arraigned in this court on August 5, 1986. At that time, the court had before it the psychiatric reports of the two designated psychiatrists who had examined the defendant in accordance with Judge McBrien’s order, both of whom concluded that the defendant was an incapacitated person and was not fit to proceed. At this point the prosecution moved to controvert the examination reports, and requested a hearing in accordance with CPL 730.30 (3). It is in this connection the People have now moved for an order designating two named psychiatrists to examine the defendant for the purpose of assisting them in the presentation of psychiatric evidence at the requested hearing to determine the defendant’s fitness to proceed. This case is one of apparent first impression.
The motion is granted.
Notwithstanding the defendant’s cogent arguments to the contrary, it appears from the recent decision of the Court of Appeals in People v Christopher (65 NY2d 417, rearg denied 65 NY2d 1054) that CPL 730.30 can no longer be validly construed as limiting the evidence admissible at a hearing to determine a defendant’s fitness to proceed to the direct and cross-examination of the psychiatric examiners designated by the director of the appropriate State or municipal hospital (see, CPL 730.20). This is so because the court in that case squarely held that the defendant in any such proceeding has a statutory right to oppose the testimony of the designated psychiatrists with expert psychiatric testimony of his own (People v Christopher, supra, at pp 424, 425). In so concluding, the court relied, in part, upon the language of the statute, which requires a court to conduct such a hearing upon the timely request of either "the defendant or * * * the district attorney” (CPL 730.30 [2], [3]), and concluded, inter alia, that a rule of law which would ensure that a defendant’s right to a hearing to contest the psychiatric determination of the direc *1006 tor’s designees but would deny him the right to present his own psychiatric testimony would be "a contradiction in terms” (People v Christopher, supra, at p 424).
In addition, the court observed that the foregoing construction would be substantially inconsistent with the legislative intent underlying the enactment of a 1981 bill which amended CPL 730.60 (2) to incorporate therein the procedural safeguards set forth in CPL 730.30 (2) (L 1981, ch 791). As set forth in the accompanying memorandum of the bill’s Senate sponsor, that bill was intended, inter alia, to "ensure * * * that the court, the district attorney and the defendant retain the right to contest the determination of [mental competency by] the department” (1981 NY Legis Ann, at 424; emphasis supplied).
Although not directly involved in that appeal, it is the opinion of this court that based upon the same reasoning a parallel right to present independent psychiatric evidence must also be accorded the People under CPL 730.30 (3), as (1) the language of that subdivision is substantially identical to CPL 730.30 (2) which the court was construing in People v Christopher (65 NY2d 417, supra); (2) the sponsoring memorandum adverted to by the majority in Christopher specifically refers to the right of both the defendant and the District Attorney to contest the determination of the director’s designees; and (3) the ultimate burden of establishing a defendant’s competence to proceed has been placed upon the People (People v Christopher, supra, at p 424; People v Santos, 43 AD2d 73; see, People v Silver, 33 NY2d 475; see also, Preiser, Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 730.30, 1986 Pocket Part, p 37). In addition, while the defendant asserts that the requested examination would be violative of his constitutional right not to incriminate himself, CPL 730.20 (6) specifically provides, in part, that "When a defendant is subjected to examination pursuant to an order issued by a criminal court in accordance with this article, any statement made by him for the purpose of the examination or treatment shall be inadmissible in evidence against him in any criminal action on any issue other than that of his mental condition” (see, CPL 10.10 [1]; cf. CPL 250.10 [3]). Although not specifically mentioned, the "fruits” of any such statements could not legally be treated any differently (see, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 730.20, p 264).