■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN YOLI, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered August 1, 1985, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The court properly found that the defendant's competency to stand trial was established by a preponderance of the evidence *(see, People v Young,* 116 AD2d 680, *lv denied* 67 NY2d 953). Although a psychologist found that the defendant was not competent, that fact is not dispositive of the issue as it was the opinion of 3 psychiatrists, including 1 retained by the defendant, that he was competent *(see, People v Owens,* 111 AD2d 274, *lv denied* 66 NY2d 617).

We also find that the defendant failed to prove by a preponderance of the evidence that he shot his wife while acting under the influence of extreme emotional disturbance *(see, People v Casassa,* 49 NY2d 668).

The denial of the defendant's motion to suppress certain statements made to law enforcement authorities was proper. The defendant's testimony that he told the police that he had counsel and would rather not speak, directly contradicted the testimony of the police and presented a question of credibility which was resolved against the defendant by the trier of fact. As this determination is supported by the record, it will not be disturbed on appeal *(see, People v Garafolo,* 44 AD2d 86, 88).

We note that the sentence imposed was a proper exercise of

discretion and was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.