■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG CHILDRESS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered February 2, 1989, convicting him of burglary in the second degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention on appeal, the court did not err in concluding, after a hearing, that the defendant was competent to stand trial (see, CPL 730.10). The ultimate determination of this issue lies with the court (People v Bolling, 114 AD2d 416, 417). Upon our review of the record, we are satisfied that the People sustained their burden of proving by a preponderance of the credible evidence that the defendant is not an incapacited person (People v Orama, 150 AD2d 505; People v Allen, 135 AD2d 823; People v Breeden, 115 AD2d 484; People v Santos, 43 AD2d 73). Further, in consideration of the conflicting evidence of competency, it cannot be said that the hearing court's determination was against the weight of the credible evidence (People v Orama, supra, at 506; People v Breeden, supra; People v Bolling, supra; People v Carl, 58 AD2d 948, revd on other grounds 46 NY2d 806).

The trial court did not err in denying the defense request

for a jury charge on the lesser included offense of criminal trespass in the second degree. No reasonable view of the evidence supports a finding that the defendant committed the lesser included offense but not the greater *(see, People v Glover,* 57 NY2d 61, 63).

The defendant has failed to substantiate his claim that the prosecutor's use of his peremptory challenges to exclude black venirepersons from the jury violated his rights under the Sixth and Fourteenth Amendments *(see, Batson v Kentucky,* 476 US 79; *Griffith v Kentucky,* 479 US 314), since the voir dire proceedings have not been made available as part of the record on appeal *(see, People v Campanella,* 176 AD2d 813).

The defendant's remaining contentions are either without merit or unpreserved for appellate review. Sullivan, J. P., Balletta, Ritter and Copertino, JJ., concur.