■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER CARLAFTES, Appellant. [635 NYS2d 505] —Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered September 11, 1992, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the County Court should have *sua sponte* ordered him to undergo a psychiatric examination pursuant to CPL 730.30 prior to the jury reaching a verdict. There is no indication in the record that the defendant, as a result of any mental disease or defect, was incapable of understanding the proceedings against him or unable to assist in his own defense (CPL 730.10 [1]). The County Court is not obligated to order an examination in every case where a defendant has a history of mental problems *(see, People*

*v Parker*, 191 AD2d 717; *People v Truss*, 187 AD2d 742; *People v Rogers*, 163 AD2d 337).

Furthermore, the court granted the defendant's request to order psychiatric examinations and a hearing to determine the defendant's fitness to proceed to sentencing. The court did not err in concluding, after a hearing, that the defendant had the capacity to proceed to sentencing. The ultimate determination of this issue lies with the court *(People v Bolling*, 114 AD2d 416, 417). Upon our review of the record, we are satisfied that the People sustained their burden of proving by a preponderance of the credible evidence that the defendant was not an incapacitated person *(see, People v Santos*, 43 AD2d 73).

The defendant's remaining contention is unpreserved for appellate review *(see,* CPL 470.05 [2]). O'Brien, J. P., Pizzuto, Santucci and Krausman, JJ., concur.