■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP LANE, Appellant. [719 NYS2d 413] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of burglary in the third degree (Penal Law § 140.20) and other crimes, defendant contends that Supreme Court erred in denying his challenge for cause to a prospective juror. We disagree. Nothing in the transcript of voir dire

indicates that the prospective juror had a "state of mind that [was] likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]). The prospective juror expressed no misgivings about his ability to decide the case impartially or follow the court's instructions (*see, People v Schojan,* 272 AD2d 932, 933-934, *lv denied* 95 NY2d 871; *People v Hagenbuch,* 267 AD2d 948, 948-949, *lv denied* 95 NY2d 797).

We reject defendant's further contention that the court erred in refusing to charge trespass and criminal trespass as lesser included offenses of burglary in the third degree. Given the uncontroverted evidence that defendant lawfully entered the store before closing, this is a case of unlawful remaining (*see, People v Gaines,* 74 NY2d 358, 361-363) to which defendant himself attributed a larcenous purpose. Thus, there is no reasonable view of the evidence that defendant committed the lesser offenses but not burglary (*see, People v Blim,* 63 NY2d 718, 720; *see also, People v Rickett,* 94 NY2d 929, 930; *People v Childress,* 177 AD2d 498, 498-499, *affd* 81 NY2d 263). (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Burglary, 3rd Degree.) Present—Hayes, J. P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.