John H. Pennock, J.
This is an application for transfer to Rensselaer County Penitentiary by the defendant, Clarence J. Ressler, Jr., who is presently incarcerated at Wallkill State Prison pursuant to a conviction of manslaughter in the first degree and sentenced to a term of 7% to 15 years, all of which events transpired in the Rensselaer County Court. The District Attorney urges that the application be denied.
The defendant appealed (24 A D 2d 7) his conviction and the Appellate Division ‘ ‘ Ordered that the judgment of conviction be and hereby is reversed on the law and facts, and a new trial *955 ordered ’ ’. (Excerpt of order of the Appellate Division, Third Department, dated and entered July 30, 1965.)
The District Attorney for Rensselaer County has applied to the Appellate Division, Third Department, for a reconsideration of the decision rendered July 26, 1965, and for a resettlement of the order dated July 30, 1965, on the ground that the opinion of the court indicated that the judgment of conviction was reversed on the law only. This application is now pending.
This court is aware of the import of the Appellate Division’s decision in respect to all criminal prosecutions in this State; however, there is nothing before this court which dictates the continuance of the applicant to serve time in a State prison. In effect he has been placed in the same posture that he was in at the time of his indictment and should be treated accordingly. There is no statutory authority for the Warden of the Wallkill State Prison to continue to hold the applicant under the sentence, as it is now void as well as the conviction.
The People cannot stay the release of a convicted person by an application based upon a unilateral interpretation of a decision by its District Attorney. The continuance of the sentence at a State prison would be contrary to the Constitution of the State of New York. “ No person shall be deprived of life, liberty or property without due process of law.” (N. Y. Const, art. I, § 6.) The District Attorney urges that no precedent exists, “ wherein an order has been granted to a defendant’s attorney to have a prisoner transferred from a State prison to the local jail ” and that “ the proper remedy is a writ of habeas corpus or an application for bail in the first instance.” In this, the court agrees. However, a court may formulate its own procedure where a statute provides none, by rules or other mode, to avoid a violation of due process. The defendant is now entitled to treatment as an indicted and not a convicted person. In this way, if there is a new trial, the defendant cannot claim he was deprived of communication with his counsel. Furthermore the court can see no immediate prejudice to the People in permitting the transfer.
The application is granted.