■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. WILLIAM E. BLOOKER, Respondent.— Order unanimously reversed and motion denied. Memorandum: The People carried their burden of proof in establishing that the confession was voluntarily given. While the defendant was mentally retarded, he had gone as far as the eighth grade in school and could read and write. His testimony shows that he was able to understand the questions asked and to give responsive answers. (Appeal from order of Onondaga County Court granting motion to suppress statement of defendant.) Present — Goldman, P. J., Gabrielli, Moule, Bastow and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ROBERT K. AVERY, WILLIAM E. BLOCKER, and DONALD A. BASSETT, Respondents.— Order unanimously modified in accordance with the Memorandum herein, and as so modified affirmed. Memorandum: While there was a search of Robert Avery's car by a private individual, there was not a seizure of the articles found. The search and seizure subsequently made by the police was with the consent of Avery's mother, but since Robert Avery owned and had exclusive use and control of the car searched, his mother had no interest therein that empowered her to give consent to its being searched. The evidence found should be suppressed so far as Avery is concerned but not as against the defendants, Bassett and Blocker. They had no standing to make a motion to suppress. (*People* v. *Cefaro,* 21 N Y 2d 252, revd. on other grounds, 23 N Y 2d 283.) Donald Bassett waived his constitutional right against an unreasonable search and seizure by consenting to the search of his car. While he was not advised of his right to refuse to consent to the search, there is no requirement for giving such a warning. *Miranda* v. *Arizona* (384 U. S. 436) dealt with warnings necessary before in-custody police interrogation and not with consent to search. (Appeal from order of Onondaga County Court, suppressing use of evidence.) Present — Goldman, P. J., Gabrielli, Moule, Bastow and Henry, JJ.

■ PAUL A. KLOC, Appellant, v. GEORGE R. CISSELL et al., Respondents.— Order unanimously affirmed, without costs. Memorandum: In this action to recover damages for personal injuries the trial court directed a mistrial and made an order transferring the case to Buffalo City Court. This was done solely upon plaintiff's testimony and prior to the receipt of any medical testimony. Moreover, the court declined to read the reports of plaintiff's doctors. The action taken was based on a finding that City Court had adequate monetary jurisdiction for any amount that plaintiff might possibly recover. Minimally, the court should have explored the medical proof by either listening to the pertinent testimony or examining the reports of the physicians. Such a determination should not be made in a vacuum. We affirm, however, because a recent rule enacted by this court exercised the power vested in it by CPLR 325 (subd. [d]), which provides that upon such a removal as was had herein "the verdict or judgment shall be subject to the limitation of monetary jurisdiction of the court in which the action was originally commenced and shall be lawful to the extent of the amount demanded within such limitation." It follows that plaintiff will not be aggrieved and, if liability is established, may recover such amount as may be determined by the trier of the facts in City Court subject only to the prayer for relief in his complaint. (Appeal from order of Erie Trial Term declaring a mistrial and transferring action to Buffalo City Court.) Present — Goldman, P. J., Gabrielli, Moule, Bastow and Henry, JJ.