■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. PAUL LUX, Respondent.— Appeal by the People from an order of the County Court, Suffolk County, dated December 4, 1967, which, on defendant's motion and after a hearing, suppressed defendant's confession. Order reversed, on the law and the facts, and motion to suppress denied. The record discloses that, prior to making his confession defendant was given the warnings mandated by *Miranda* v. *Arizona* (384 U. S. 436). The sole issue presented on this appeal is whether the Judge who conducted the pretrial hearing to determine the voluntariness of the confession correctly concluded that, although defendant had waived his rights "knowingly and willingly at the Police Station, he did not do so intelligently." While it may be that defendant's score of 77 on an I. Q. test and of 83 on a Wechsler Test indicated that he falls into the dull-normal or borderline range of intelligence, his entire background provides ample evidence that he was capable of functioning normally in society and of understanding and intelligently waiving his rights. Thus, defendant had completed the eighth grade of schooling, he had served honorably in the armed services. He was gainfully employed as a janitor and he was serving as a volunteer fireman. Under the circumstances, it is our opinion that the record establishes that the People sustained their burden of proving that defendant "knowingly and intelligently" waived his rights and that his confession was voluntarily made (*Miranda* v. *Arizona, supra*, p. 475). Christ, Acting P. J., Benjamin and Munder, JJ., concur; Martuscello, J.,

dissents and votes to affirm the order, with the following memorandum: The record discloses that defendant was left back in elementary school several times, he was 17 years old before he completed elementary school, he had the rather dubious distinction of being left back twice in both kindergarten and the first grade and he never passed reading or English in his entire school career. Even the People's expert witness, a psychologist, indicated that defendant's intelligence score fell into the dull-normal range. Defendant's expert witness indicated that at best defendant is of borderline intelligence. The witness, a psychiatrist, tested defendant and found that he has very great difficulty in dealing with anything except specific concrete ideas. He has poor vocabulary and comprehension. When asked to give the meaning of simple, commonly used words, he was unable to do so correctly. The psychiatrist further testified that defendant is disorganized and anxious to please. Because of his inadequate personality he tends to ingratiate himself to others. Thus, while he is a good follower, he is easily threatened when placed in a situation which requires intellectual capacity. During the course of his examination by the psychiatrist, defendant changed some of his answers in order to please the questioner. He needs to please others and avoid conflict; and, accordingly, he has a high degree of suggestibility, especially when in a direct relationship with anyone in authority. Finally, the psychiatrist testified that on the basis of his examination he believes that defendant was unable to comprehend completely the nature and quality of his action when he waived his rights and that defendant did not freely and intelligently waive his rights, since he had no capacity to understand a constitutional right or the concept of waiver. I am of the opinion that on the particular facts presented by the record before us, the People failed to sustain their heavy burden of proving beyond a reasonable doubt that defendant's waiver and subsequent statements were knowingly, voluntarily and intelligently made (*Miranda* v. *Arizona,* 384 U. S. 436). (Beldock, P. J., deceased.) [56 Misc 2d 561.]