THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HOWARD CHAFFEE, JR., Appellant.

Third Department, July 12, 1973.

*Samuel J. Castellino,* Public Defender (*M. Joseph Danaher* of counsel), for appellant.

*John F. O'Mara,* District Attorney (*Ransom P. Reynolds, Jr.,* of counsel), for respondent.

COOKE, J. This is an appeal from a judgment of the County Court of Chemung County, rendered November 17, 1972, upon a verdict convicting defendant of the crime of arson in the second degree (Penal Law, § 150.15).

Defendant, a 22-year-old, who had been a patient at Newark State School, a facility for mentally deficient persons, from 1963 to 1968, was convicted after a trial by jury of the crime of arson in the second degree, said conviction resulting from a fire at 711 Wisner Street in the City of Elmira, New York, on October 8, 1971 at approximately 1:00 A.M. During the afternoon of said day, after first speaking with defendant's father and indicating why he wanted to see the son, Detective Bailey of the Elmira Police Department went to defendant's place of employment and asked defendant to accompany him to police headquarters to answer some questions, which defendant did. At the station, defendant, who wears two hearing aids, was taken to an interrogation room where, it appears from the testimony of Detectives Bailey and Miller, he was given his *Miranda* warnings at least twice during about one and one-half hours of questioning. Defendant indicated he understood his rights and signed a written waiver of them. After approximately one-half hour of questioning, defendant allegedly confessed to the fire in question, which confession was reduced to writing over the course of the next hour, at which time defendant read it aloud and signed it. Prior to defendant's signing the confession, which also contained an admission to starting three other fires, his parents came to the police station but were told their son had confessed to everything and were not allowed to speak to him.

The first question to be determined on this appeal is whether defendant voluntarily, knowingly, and intelligently waived his constitutional rights prior to executing a written confession (*Miranda* v. *Arizona*, 384 U. S. 436), the appropriate test being a consideration of the totality of the circumstances (*Blackburn* v. *Alabama*, 361 U. S. 199, 206; *Fikes* v. *Alabama*, 352 U. S. 191, 197).

While it may be that defendant's score of 70 on an intelligence test indicated that he is in a mentally defective or mild mental retarded or borderline intelligence group, there is ample evidence that he was capable of functioning normally in society and of understanding and intelligently waiving his rights (cf. *People* v. *Lux*, 34 A D 2d 662, affd. 29 N Y 2d 848; *People* v. *Blocker*, 31 A D 2d 885). He was employed at the time in a warehouse sorting tools for which he earned $70 or $75 per week after deductions, this being a better position than one previously held, and he had never been fired from a job. When 12 years of age and while in the fifth grade, he met with an automobile accident and returned to school for two years as

a special student. He could read and write, played the guitar and took a carpentry course while at the Newark State School. There was no evidence of prolonged interrogation or other coercive tactics by the police. Under all the circumstances, it is our opinion that the record establishes that the People sustained their burden of proving that defendant '' knowingly and intelligently '' waived his rights and that his confession was voluntarily made.

We must next determine whether it was reversible error in this arson prosecution to fail to redact that portion of defendant's confession referring to the setting of other fires, which were described as being started in a fashion similar to the one for which defendant was indicted, and we hold that such determination was erroneous. The basic rule concerning the use of evidence of uncharged crimes is that the prosecution may not use such evidence merely to establish that the defendant has a propensity to commit crimes so as to raise a presumption that he would be more apt to have committed the crime charged (*People* v. *Condon,* 26 N Y 2d 139; *People* v. *McKinney,* 24 N Y 2d 180; *People* v. *Goldstein,* 295 N. Y. 61; *People* v. *Molineux,* 168 N. Y. 264). That portion of defendant's confession referring to the setting of other fires was offered and admitted into evidence in direct contravention of said rule, and said portion should have been edited out of the confession. Any probative value of said testimony was clearly outweighed by its prejudicial effect, and its admission was more than mere harmless error.

The judgment should be reversed, on the law and the facts, and a new trial ordered.

GREENBLOTT, J. P., KANE, MAIN and REYNOLDS, JJ., concur.

Judgment reversed, on the law and the facts, and a new trial ordered.