■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD CARUSO, Appellant.— Appeal from a judgment of the County Court of Albany County, rendered September 28, 1973, convicting defendant upon his plea of guilty of robbery in the second degree. The issues raised on this appeal are whether defendant knowingly, intelligently and voluntarily waived his right to counsel and privilege against self incrimination prior to making a confession; whether his confession was the product of coercion resulting from a police-dominated atmosphere during the questioning; and whether the imposition of a sentence to an indeterminate term of up to 10 years was an abuse of the trial court's discretion considering defendant's lack of a prior institutional record. On March 28, 1973 at approximately 1:00 P.M., defendant was approached at the construction site where he was employed as a laborer and was requested to accompany four police officers to the police station for questioning. En route to the station, defendant was given his *Miranda* warnings (*Miranda* v. *Arizona*, 384 U. S. 436), and the adequacy of the warnings are not challenged. Once there, defendant was taken to an interrogation room and was questioned by Officer Martin in the presence of three other police officers. Martin began by explaining that they were investigating a robbery at 111 Vly Road in Colonie on March 6, 1973. He then showed defendant a statement of Clifford Lyons, a codefendant, implicating him in the robbery. Apparently defendant began to cry and indicated that he would make a confession, which he did. His confession was typed and he apparently read and signed it. The written statement was completed some 20 minutes after the interrogation began. Defendant's version of the preceding events differs in several respects. First, he claims that the *Miranda* warnings were not given to him until he was at the station. Were this so, it would be immaterial in any event since no questioning took place prior to the giving of the warnings. Next, he claims that six or seven officers were present at the initial interrogation and that one of them had his hands on his neck and shoulders and it was implied that he had better talk. This factual dispute raised only a question of credibility properly for resolution by the trial court and, on this record, the court could conclude that defendant's prompt confession was motivated, not by coercion whether express or implied, but by his being confronted with his codefendant's statement. Third, he contends that he repeatedly requested the opportunity to call his boss prior to signing the written confession but was denied the opportunity to do so. Sergeant Kelly could not recall such a request having been made. Aside from the issue of

credibility, the fact that such a phone call was denied would not in and of itself render the confession involuntary, although it would, of course, be relevant to a consideration of whether, under all the circumstances, his confession was voluntary (*People* v. *Carbonaro,* 21 N Y 2d 271; *People* v. *Chaffee,* 42 A D 2d 172). The other factors advanced by the defendant in support of his contention that the confession was involuntary are the failure of the police to reissue *Miranda* warnings immediately prior to questioning and the low I. Q. (87) of the defendant and his ninth grade education. There is no requirement that *Miranda* warnings be repeated immediately prior to questioning. Here, the warnings were given within an hour of the commencement of the interrogation (compare *People* v. *Manley,* 40 A D 2d 907) and any claim that defendant forgot them in that brief interval is incredible. We are not persuaded that defendant lacked the mental capacity to understand his rights and to knowingly and intelligently waive them (compare *People* v. *Chaffee, supra, People* v. *Lux,* 34 A D 2d 662, affd. 29 N Y 2d 848) and, under all the circumstances present here, we conclude that he did knowingly and intelligently waive them. In sentencing defendant to an indeterminate term of up to 10 years, the trial court was strongly influenced by the similar sentence imposed upon the codefendant Lyons. However, the court has the discretion to vary sentences of codefendants where the circumstances are different (*People* v. *Turley,* 38 A D 2d 769). Here, in view of defendant's lack of a prior institutional record, his low level of intelligence and his lesser role in the commission of the crime, different treatment would appear to be warranted. The presentence report indicates that defendant's troubles began only when he left his parent's home and fell into bad company. Due to his low intelligence, he was apparently unable to cope with the pressures of independence and succumbed to temptation by another. Without minimizing the seriousness of the offense, it appears that a sentence of this length is inappropriate and excessive under the circumstances (*People* v. *Levine,* 42 A D 2d 769). The sentence should be modified, as a matter of discretion in the interests of justice, by reducing it to an indeterminate prison term not to exceed five years (CPL 470.15, subd. 6, par. [b] ; 470.20, subd. 6). Judgment modified, as a matter of discretion in the interests of justice, by reducing the sentence to an indeterminate prison term not to exceed five years, and, except as so modified, affirmed. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Kane, JJ., concur.