■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS TIGNER, Appellant.—Judgment unanimously affirmed. Memorandum: The main thrust of this appeal is that appellant's confession could not have been voluntary because he was mentally retarded with a very low I.Q. The record reveals that appellant was either moderately or mildly mentally retarded with an estimated I.Q. ranging from 50 to 70. Nonetheless, we are persuaded by the extensive psychiatric and psychological medical testimony in the record that appellant was able to know and understand the *Miranda* warnings that were given to him. We reach this conclusion based upon the fact that the appellant had operated as an adult male in society for many years without serious difficulty. He had an automobile driver's license, had been gainfully employed and had other persons working under his supervision, lived with a woman (the victim) and had a child by her. It is similarly contended that on account of his mental retardation appellant could not have intended the victim's death. We believe, however, based upon the medical testimony which so indicates, that appellant knew the difference between right and wrong and intended the death of his girl friend. Several acquaintances of appellant heard him threaten to kill the victim on the day of the shooting following a domestic squabble. The appellant took the shotgun used in this incident without permission from a friend's house and purchased three shotgun shells from a gas station attendant approximately one hour before the shooting. Such facts convince us that the appellant possessed the requisite intent necessary to sustain this conviction. (Appeal from judgment of Livingston County Court convicting defendant of murder.) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Del Vecchio, JJ.