Raymond E. Aldrich, Jr., J.
The defendant Louis Acevedo, III, was indicted for the crimes of murder in the second degree, a class A-I felony, attempted murder in the second degree, a class B felony, and assault in the first degree, a class C felony, and under an order of commitment dated April 23, 1975 was adjudicated an incapacitated person and thus committed to the custody of the Commissioner of Mental Hygiene pursuant to CPL article 730. By notification of fitness to proceed dated October 30, 1975 the Director of the Mid-Hudson Psychiatric Center, the facility to which the defendant was admitted notified the court that the defendant was determined by him to be no longer an incapacitated person. In accordance with the notification, the defendant was returned to court for continuation of the criminal proceeding, and he was given a copy of the notification together with the clinical summary of the Mid-Hudson Psychiatric Center.
The defendant now moves for a hearing for the purpose of *564 contesting the determination of the director that he is no longer an incapacitated person, and the people submit: (1) that either the criminal action should proceed since there is no provision in CPL article 730 which provides for a direct challenge to the determination of the director, but granting leave to the defendant to apply anew for another examination pursuant to CPL article 730; or (2) a hearing be held.
CPL 730.60 (subd 2) is silent as to any procedure to be followed for a challenge to the unilateral determination of the director that a defendant is no longer an incapacitated person after having been previously adjudicated such, and the issue presented upon this motion appears to be one of first impression not passed upon in a recorded decision.
This court is of the opinion that a defendant who is determined by the director to no longer be an incapacitated person should be accorded the same rights he was accorded in the first instance under CPL 730.30 (subd 3) when a hearing becomes mandatory upon a defendant’s request, for before a defendant is declared to be an incapacitated person he would have been originally examined by two qualified psychiatrists, and if they were unanimous in their opinion, the court not withstanding such unanimity would be required to conduct a hearing to determine the issue of capacity upon motion therefor by the defendant.
The determination of the issue of a defendant’s capacity to stand trial is one made originally by the court, either one made upon the psychiatric reports, or after a hearing which has been requested or is mandated by the statute. The authority to determine the issue of capacity therefor resides with the court and not with the psychiatrists.
Neither the People nor the defendant are prejudiced by the holding of a hearing, and it is significant that if a hearing were held as sought by defendant any further CPL article 730 application would be eliminated which would avoid delay, the use of judicial time, and further expenditure of public funds for examiners’ fees.
This court holds that in a situation where a statute does not provide procedures and where essential due process rights must be protected in the sense that the defendant should be able to understand the proceedings against him or to assist in his own defense, the court has the inherent power to order a hearing to safeguard the rights of the accused. (People v Bessler, 47 Misc 2d 954.)
*565 For the foregoing reasons a hearing is ordered so that a judicial determination can be made as to whether the defendant is or is no longer an incapacitated person, and such hearing is set down for Monday, January 5, 1976, at 2:00 o’clock in the afternoon thereof, unless for a good cause shown is adjourned.