THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARITA MORALES, Appellant.—Judgment, Supreme Court, Bronx County, rendered May 7, 1976, convicting defendant of the crime of murder in the second degree is unanimously reversed, on the law, and as a matter of discretion in the interest of justice and remanded for a new trial. Blanche J. and John C., her common-law husband, were watching television when appellant and four cohorts forced their way into the apartment. There followed three and one-half hours of mayhem, rape, robbery and murder. John C. was brutally murdered by stabbing and strangulation. Blanche J. was raped, slashed with a knife and left bleeding in her apartment. Appellant was arrested about three months later and after a waiver of rights acknowledged having participated in the crime. She has been under psychiatric observation since childhood; has an I.Q. of 67; has been described as mentally retarded and schizophrenic. We concur in the court's finding that appellant's mental condition did not preclude her from voluntarily, knowingly and intelligently waiving her constitutional rights. Appellant's low level of intelligence and schizophrenic condition will not preclude a finding that she knowingly waived her constitutional rights. *(People v Tigner,* 48 AD2d 762; *People v Caruso,* 45 AD2d 804.)* Appellant's competency to stand trial strongly indicates she was competent to understand and waive her rights *(People v Brown,* 86 Misc 2d 339). Under the more rigid test of section 30.05 of the Penal Law appellant presented a substantial insanity defense, which was prejudiced by the court's repeated instructions to the jury to apply the insanity standard of the McNaghton rule which had been repealed in 1965.

The importance of the change is spelled out in the Practice Commentary (Hechtman, McKinney's Cons Laws of NY, Book 39, Penal Law, § 30.05, p 70): "The new or changed formula, while more limited than the original proposal, expands the old McNaghton Rule. Lack of 'substantial capacity' is a more realistic measure than the total impairment required for exculpation under McNaghton. Further, by relating the test to the defendant's mental 'capacity,' the standard is clarified, for, indeed, it is the defendant's power or capacity to know or appreciate about which the psychiatric witness actually testifies. A new dimension is accorded the word 'know' by following it with 'or appreciate.' This is designed to permit the defendant possessed of mere surface knowledge or cognition to be excused, and to require that he have some understanding of the legal and moral import of the conduct involved if he is to be held criminally responsible." The court's effort to cure the error by a literal reading of section 30.05 of the Penal Law was insufficient. Furthermore, the court failed to inform the jury that "know or appreciate" has been held to mean, "know and appreciate". *(People v Buthy,* 38 AD2d 10.)* Appellant's defense of insanity was further unfairly imperiled by the court's statement to the jury that: "If the defendant is acquitted she will be permitted to again take her place in society free of guilt". This imprecise remark could only serve to inflame the jury. The harm arising from the suggestion is clear and similar comment when made by prosecutors has been condemned. *(People v Oliver,* 1 NY2d 152.) Concur—Evans, J. P., Lane, Markewich and Sandler, JJ.