■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT J. KELLY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 21, 1976, convicting him of murder in the second degree (felony murder) and manslaughter in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of murder in the second degree and the sentence imposed thereon, and the said count of the indictment is dismissed. As so modified, judgment affirmed. On July 5, 1975 the nude body of 10-year-old Renee Marie Eberhart, who had been missing since the night of July 2, was found floating in Coney Island Creek. The cause of death was "asphyxia by drowning" and the body bore no signs of violence or sexual molestation. The victim's coulottes were also recovered from the creek. On July 9, 1975 appellant, a cousin of the deceased, and who had concededly visited with the deceased's mother shortly before the child disappeared, gave several inculpatory statements to the police, the most damaging of which indicated that he had sexually abused the victim and thereafter pushed her into the creek when she said she would tell her mother if he did not let her go. He also stated that he had thrown her clothes into the water as well. The jury convicted appellant of felony murder and manslaughter in the second degree, but found him not guilty of sexual abuse in the first degree. We modify by reversing the conviction for felony murder and dismissing that count of the indictment. Notwithstanding appellant's extremely low intelligence quotient, bespeaking some degree of mental retardation, we agree with the finding that he knowingly, intelligently and voluntarily waived his *Miranda* rights, especially in light of the circumstances under which the statements were elicited (the People's testimony indicated that defendant first gave an exculpatory statement when questioned in his own living room in the presence of a parent; that an inculpatory statement was made, again in his own home, after appellant had nervously approached the officers as they were leaving his residence and indicated that he had something to say; and that consistent but more detailed inculpatory statements were thereafter elicited at the station house). We further note the unchallenged finding that appellant was competent to stand trial, and his prior criminal history (see *People v Morales,* 62 AD2d 946; *People v Stanton,* 54 AD2d 527; *People v Caruso,* 45 AD2d 804). We agree further that the corpus delicti was sufficiently established by circumstantial evidence dehors the confession, as required by CPL 60.50. The circumstances of the discovery of the deceased's nude body in the creek, as well as the discovery of her clothes, even if susceptible of an innocent construction, nevertheless suggests the commission of a crime, with the confession furnishing the key to the explanation thereof (see *People v Reade,* 13 NY2d 42, 46). However, we find that appellant's felony murder

conviction must be reversed for the reason that it is unsupported by the evidence. Appellant's various statements to the police establish either that he committed the consummated crime of sexual abuse or no sexual crime at all. No other inference is permitted by the evidence. The predicate for the felony murder charge was the underlying felony of attempted sexual abuse or consummated sexual abuse. Since the jury found appellant not guilty of the substantive crime of sexual abuse, charged as a separate count, a conviction of felony murder based upon the underlying felony of sexual abuse, would clearly be repugnant to the verdict on the substantive count (see *People v Mitchell*, 64 AD2d 119). Therefore, it must be assumed that the jury convicted him of felony murder on an underlying predicate of attempted sexual abuse, which predicate is simply not supported by any evidence, much less proven beyond a reasonable doubt. (The crime of attempted sexual abuse was not separately charged in the indictment or given to the jury as a lesser included offense.) We have examined appellant's remaining claims for reversal and find them to be without merit. Mollen, P. J., Hopkins, Rabin and Martuscello, JJ., concur.