OPINION OF THE COURT
Benjamin Altman, J.
Can the chief psychiatrist of the Psychiatric Prison Service err in his initial examination of the defendant? This is the issue the court will examine.
*842 The defendant has been charged with attempted murder in the second degree (Penal Law, §§ 110, 125.25), robbery in the first degree (Penal Law, § 160.15), and assault in the second degree (Penal Law, § 120.05). She moves to controvert a finding of fitness to proceed.
The factual situation is as follows:
The defendant, found to be mildly mentally retarded with an I.Q. of 60, was intially examined on July 16, 1979, by Dr. Brodsky, the chief psychiatrist of the Psychiatric Prison Service, and Dr. Eshkenazi, a staff psychiatrist of the prison service. She was found unfit to proceed to trial. A detailed report submitted on July 26, 1979, reaffirmed this position.
Dr. Eshkenazi went on vacation in August, 1979, and Dr. Sandman took over for him during the vacation period. Dr. Sandman examined the defendant on August 14, 1979, and found her fit to proceed.
On November 26, 1979, both Drs. Eshkenazi and Brodsky submitted a report changing and retracting the July 16 report. In the November 26 report, the doctors found the defendant was oriented as to "person, place, and time” and has the "capacity to stand trial.”
Drs. Eshkenazi and Brodsky conducted several other examinations of the defendant and these all indicated the defendant was fit to proceed to trial.
The defense contends the defendant is mentally retarded and unfit to proceed to trial. It claims the People have not met their burden of proof that the defendant is fit to proceed to trial. Defense also points to the initial detailed report of the two psychiatrists (July 16) which found the defendant unfit to proceed.
The People contend they have met their burden, and the defendant is indeed fit to proceed.
Where examination reports submitted to the court showed that each of the two designated psychiatrists was of the opinion that the defendant was not an incapacitated person, but when testimony given by the experts at the hearing actually showed a conflict, the court has the discretionary power to arrive at a conclusion based upon the psychiatrists’ reports, their testimony, and other available evidence (People v Grieco, 82 Misc 2d 500).
Drs. Eshkenazi and Brodsky explained the inconsistency of the initial report with the subsequent reports. All three *843 psychiatrists concluded the defendant was shamming, being intentionally unco-operative and was unwilling to communicate in the July examination. These factors were recognized in the subsequent examinations. This, in turn, resulted in the change of diagnosis from "unfit to proceed to trial” to "fit”.
The ultimate responsibility as to whether the accused has the mental capacity to stand trial lies with the court, although expert testimony is vital and of great aid (People v Acevedo, 84 Misc 2d 563; People ex rel. Butler v McNeill, 30 Misc 2d 722).
The People must prove the defendant’s capacity to stand trial by a mere preponderance of the evidence (People v Carl, 58 AD2d 948; People v Sanchez, 86 Misc 2d 81). The People have accomplished this.
The defendant contends her state of mild retardation makes her unfit to proceed to trial. Many cases hold a person with a low I.Q. can waive his rights knowingly, intelligently and voluntarily (People v Kelly, 67 AD2d 1009; People v Morales, 62 AD2d 946; People v Caruso, 45 AD2d 804; People v Lux, 34 AD2d 662, affd 29 NY2d 848).
If these cases, in effect, hold a mentally retarded defendant can waive his rights, then a fortiori, a mentally retarded defendant can similarly be fit to proceed to trial.
Where fitness to proceed is concerned, the court is aware that a finding the defendant is oriented to time and place and has some recollection of events is not sufficient. The test is whether the defendant has sufficient present ability to consult with his or her lawyer with a reasonable degree of rational understanding, and whether he or she has a rational, as well as a factual, understanding of the proceeding against him or her (People v Miller, 84 Misc 2d 310).
The court finds the defendant is fit to proceed. The defendant’s motion to controvert the finding of fitness to proceed to trial is denied.