■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ALLEN BOUTOT, Appellant. — Appeal from a judgment of the County Court of St. Lawrence County (Duskas, J.), rendered February 17, 1981, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree. On May 5, 1980, the body of one Mary Collins, a patient of the St. Lawrence Psychiatric Center, was found on the grounds of the facility. She had been strangled. Suspicion focused on defendant when police were advised by a staff person that defendant had been overheard discussing the incident. The officers interviewed defendant on two separate occasions, May 5 and 6. *Miranda* warnings were given to him both times. Police secured a statement from him on May 6 which disclosed his participation in the slaying of the victim. On this appeal, defendant contends that his confession should have been suppressed solely because of his status as a mental patient at a psychiatric hospital and because counsel was not provided to him prior to his questioning by police. Such a per se rule must be rejected. Mental illness alone is not enough to invalidate a confession (*People v Slaughter,* 34 AD2d 50). The question of whether a defendant understands and voluntarily waives his right to counsel

depends on the circumstances of a given case. The People have the burden of proving that a voluntary, knowledgeable and intelligent waiver of rights has occurred (*People v Valerius,* 31 NY2d 51). We find that these prerequisites were satisfied here. Despite defendant's mild retardation and mental disease, the record discloses that he understood his rights and waived them. The testimony of his physician supports this finding as well as defendant's own lucid articulation of what was occurring which was made to Nurse Gilbert and which indicated that he appreciated the nature of the proceedings. Defendant appeared to be lucid and unaffected by his medication. Also, defendant's confession, we note, is coherent and chronologically correct as demonstrated by other evidence. It appears to be reliable. Balancing the "totality of circumstances", the court properly denied the motion to suppress. We declined to disturb that finding. Defendant, for the first time on this appeal, attempts to challenge the court's finding of his competency to proceed to trial made before the suppression hearing. The issue of competency was not raised at the suppression hearing and is, therefore, not properly before us. Judgment affirmed. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.