■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE C. MILES, Appellant.—Judgment unanimously affirmed. Memorandum: It was not error for the court to refuse

to suppress defendant's confession. Whether defendant has knowingly, voluntarily and intelligently waived his *Miranda* rights is determined by the totality of the circumstances *(see, People v Caruso,* 45 AD2d 804, 805; *People v Chaffee,* 42 AD2d 172, 174).* Employing that test, courts have frequently admitted statements made by defendants who are intellectually deficient *(see, e.g., People v Tigner,* 48 AD2d 762).* In making such determination, the relevant factors are whether defendant has the ability to read and write *(see, People v Caruso, supra; People v Chaffee, supra,* pp 173-174; *People v Blocker,* 31 AD2d 885; *see also, People v Collazo,* 98 Misc 2d 58, 61-62, where the confession of a defendant with an I.Q. of 73 was held admissible even though defendant could not read or write English); whether defendant is coherent and articulate in response to questioning *(see, People v Bruce,* 62 AD2d 1073, 1074; *People v Blocker, supra; Matter of Kenneth C.,* 125 Misc 2d 227, 235);* and whether defendant is capable of being employed and functioning in society as an adult *(see, People v Tigner, supra; People v Chaffee, supra; People v Lux,* 34 AD2d 662, *affd* 29 NY2d 848).* The absence of prolonged interrogation or other coercive tactics by police is, as is always the case, a relevant factor *(see, People v Chaffee, supra; Matter of Kenneth C., supra).* The totality of the circumstances here supports the court's denial of defendant's suppression motion. The testimony established that the police informed defendant of his *Miranda* rights three times and explained them to him in language which defendant indicated he understood. The statement itself is coherent and the officers described defendant's answers as responsive to their questions. Defendant appeared to read the statement to himself before signing it. Although defendant's I.Q. was in the range of 59 to 74, he could read and write English on at least a third-grade level and had a working vocabulary sufficient to enable him to carry on conversations. Expert testimony was of the opinion that defendant was intelligent enough to be able to understand the *Miranda* warnings if they were explained to him and not merely read *(see, People v Bruce, supra).* Defendant had a history of employment which indicated his capacity to function in society and there was no evidence of any coercive or overbearing tactics on the part of the police. Additionally, there was a collateral finding by another court that defendant was competent to stand trial. There was thus sufficient evidence on which the court could find that defendant had made a voluntary, knowing and intelligent waiver of his *Miranda* rights. (Appeal from judgment of Livingston County Court,

Houston, J.—arson, third degree, and criminal mischief, second degree.) Present—Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.