■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEVELAND GERALD, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered August 15, 1983, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to the police.

Ordered that the judgment is affirmed.

On this record we see no reason to disturb the hearing court's findings that the defendant knowingly and intelligently waived his *Miranda* rights and voluntarily confessed to the crime. The defendant's inability to read or write and the fact that his intelligence quotient was only 68 were not a bar to his making an effective waiver of *Miranda* rights as the record discloses that he understood the immediate meaning of the warnings *(see, People v Williams,* 62 NY2d 285, 287; *People v Boutot,* 89 AD2d 1027; *People v Caruso,* 45 AD2d 804; *People v Chaffee,* 42 AD2d 172; *People v Lux,* 34 AD2d 662, *affd* 29 NY2d 848). Similarly the voluntariness of the defendant's confession was not vitiated by his spending about six hours in custody *(cf., People v Tarsia,* 50 NY2d 1), or by the claimed misuse of a polygraph examination *(cf., People v Leonard,* 59 AD2d 1). There were neither allegations of abuse nor mistreatment *(cf., People v Tarsia, supra,* at 13) nor the kind of misuse of the polygraph examination as would be a contributing factor in a voluntariness analysis *(cf., People v Leonard, supra,* at 15). The totality of the circumstances is to be considered in determining voluntariness and admissibility *(see, People v Williams, supra,* at 289; *People v Leonard, supra,* at 12).

The defendant's guilt was proven beyond a reasonable doubt *(see, People v Bauer,* 113 AD2d 543), and we see no abuse of discretion in the trial court's sentence *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be either unpreserved for our review or without merit. Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.