■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO LL., Appellant.—Casey, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered May 20, 1991, which sentenced defendant upon his adjudication as a youthful offender.

Defendant was convicted after a jury trial of the offenses of burglary in the third degree and arson in the third degree. He was adjudicated a youthful offender and sentenced to a term of four months' intermittent imprisonment, to be served in the County Jail from Friday at 6:00 P.M. until Monday at 6:00 A.M., and five years' probation. The charges stemmed from defendant's actions in starting a fire at Central Elementary School in the City of Ithaca, Tompkins County, which damaged the library and a storage room. Before trial, defendant moved to suppress certain inculpatory statements he had made to police officers investigating the fire. County Court found the statements to have been knowingly and voluntarily made.

Defendant claims on this appeal that County Court's suppression ruling was error, because although he was 18 years old, he is of subnormal intelligence, illiterate and handicapped by speech and communication disabilities, with a language level of a 5-½-year-old, and thus did not understand his *Miranda* rights. Defendant was arrested on the basis of a description given by several juveniles to the police investigating the fire. When first approached, defendant stated to the police officers who identified themselves, "I didn't make no fire." Because no fire had been mentioned the officers asked, "What fire?" Defendant pointed in the direction of the school. Defendant was informed that he was not under arrest and was free to leave and was asked if he understood, to which he nodded his head. Thereafter, defendant was read his *Miranda* warnings and printed his signature on the form. When asked, defendant stated that he could not read. Each right was explained in its simplest form by Police Investigator Edward

Vallely. When asked if he understood, defendant said, "Yeah" or "Yes." Defendant then said, "I did it." When asked, "Did what?", defendant replied, "Set the fire * * * [a]t the school." Defendant was questioned about the difference between telling the truth and lying in order to determine whether he understood the questions. After being questioned at the station house, defendant accompanied the police officers to the school and demonstrated how he set the fire.

A Town Justice, a teacher at the County Jail and a correction officer all attested to defendant's ability to understand and to communicate. A speech pathologist testified that defendant had a learning disability but that he was not retarded. Although the testimony about whether defendant had the capacity to understand his *Miranda* rights was conflicting, County Court credited the version of the testimony that demonstrated defendant's ability to understand his rights, and we find no basis to disturb the credibility determination *(see, People v Matthews,* 148 AD2d 272, 274, *lv dismissed* 74 NY2d 950).

One with subnormal intelligence may waive the *Miranda* rights as long as it is established that the immediate meaning of the warnings was understood *(see, e.g., People v Williams,* 62 NY2d 285, 289). Accordingly, County Court properly refused to suppress defendant's statements *(see, People v Simmons,* 182 AD2d 1018, 1019). Defendant's adjudication as a youthful offender should, therefore, be affirmed.

Yesawich Jr., J. P., Levine, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed.