■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARLETTA GIPSON, Respondent. [598 NYS2d 608] —Mercure, J. Appeal from an order of the County Court of Albany County (Turner, Jr., J.), entered August 5, 1992, which granted defendant's motion to suppress evidence.

Defendant was indicted for criminal sale of a controlled substance in the third degree as the result of her alleged August 27, 1991 sale of cocaine to a confidential informant. Following arraignment, defendant moved to suppress, inter alia, evidence of the informant's prearraignment photographic identification and the prospective in-court identification of defendant. At the ensuing Wade hearing, the People produced the police officer who conducted the photographic array, Detective Andre Flowers of the City of Albany Police Department. Flowers testified that on March 30, 1992 he prepared an array of eight black and white photographs of Black females, including defendant, exhibited on the front of a manila file folder. He showed the array to the informant who identified defendant, shown in photograph No. 3, as the person who had sold him narcotics. At that time Flowers wrote the time, date and location of the identification beneath defendant's photograph and Flowers and the informant each affixed his initials in the same area.

Following the hearing, the People furnished defendant with a copy of the informant's March 30, 1992 affidavit wherein he stated that he identified the person depicted in photograph

No. 8 as the person who had sold him crack cocaine, prompting County Court to reopen the proof. At the continued hearing, Flowers reiterated that the informant had identified the person depicted in photograph No. 3 as the perpetrator. Flowers explained that it was he who prepared the affidavit for the informant to sign and that the reference to photograph No. 8 was a mere "typographical error" which the informant apparently did not notice when he reviewed the affidavit prior to signing it. The informant did not testify and, based upon the discrepancy between Flowers' testimony and the informant's affidavit, County Court concluded that "[t]he photo array was infected by the failure of [Flowers] and the confidential informant to credibly identify the defendant [and that its] reliability has been severely undercut". County Court accordingly suppressed evidence of the photographic identification and, because of the People's failure to offer proof supporting an independent basis for the informant's identification, also precluded the informant's prospective in-court identification of defendant. The People appeal, as limited by their brief, from so much of County Court's order as precludes the informant's in-court identification testimony.

There should be a reversal. Because the People are prohibited from offering direct evidence of a pretrial photographic identification of a defendant (see, CPL 60.30; *People v Griffin,* 29 NY2d 91, 93; *People v Boyd,* 189 AD2d 433; 3 Zett, NY Crim Prac ¶ 21.7 [4]), the only issues properly before County Court concerned the effect of the photographic display upon the informant's capacity to identify defendant during the trial (see, 3 Zett, NY Crim Prac ¶ 21.10). Specifically, the sole questions to be determined were whether the pretrial identification procedure was unduly suggestive and, if so, whether there was an independent source for the witness's in-court identification (see, *People v Chipp,* 75 NY2d 327, 335, *cert denied* 498 US 833; *People v Rahming,* 26 NY2d 411, 417). Notably, "[a]bsent some showing of impermissible suggestiveness * * * there is no burden upon the People, nor is there any need, to demonstrate that a source independent of the pretrial identification procedure exists for the witness's in-court identification" *(People v Chipp, supra,* at 335). In this case, County Court specifically found, and we agree, that the photo array was not unduly suggestive. Contrary to County Court's ultimate conclusion, the existence of a factual basis for a finding that the informant failed to properly identify defendant has no bearing upon the question of whether the identification procedure was conducted in a suggestive manner.

Weiss, P. J., Mikoll, Yesawich Jr. and Levine, JJ., concur.

Ordered that the order is reversed, on the law, and motion to prohibit the confidential informant's in-court identification of defendant denied.