■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEMAR GRIMES, Appellant. [620 NYS2d 1021] —White, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered September 8, 1992, upon a verdict convicting defendant of the crime of murder in the second degree.

After a suppression hearing focusing on an inculpatory statement defendant gave to the police on August 5, 1991, County Court found that defendant did not invoke his right to counsel nor were the police advised that he was represented by an attorney. County Court further found that defendant knowingly, voluntarily and intelligently waived his *Miranda* rights despite the fact that his reading ability is limited. Predicated upon these findings, County Court denied defendant's motion to suppress his statement. Following his conviction of the crime of murder in the second degree, defendant appeals.

We affirm. Inasmuch as County Court's resolution of the issue of credibility as to whether defendant requested an attorney prior to making his statement is fully supported by the record, there is no basis for us to disturb it *(see, People v Turner,* 200 AD2d 603, *lv denied* 83 NY2d 811). We note further that the record establishes that the Assistant Public Defender did not notify the police on August 5, 1991 that she was representing defendant. We also note that defendant's waiver of his *Miranda* rights is not vitiated by his limited reading ability, as there is nothing in the record to show that he lacked the capacity to fully comprehend the immediate import of the *Miranda* warnings *(see, People v Williams,* 62 NY2d 285, 289; *People v Orlando LL.,* 188 AD2d 685, *lv denied* 81 NY2d 845). Lastly, viewing the evidence in a light most favorable to the People, we find that the verdict is supported by legally sufficient evidence *(see, People v Bleakley,* 69 NY2d 490, 494).

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.