■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v UMAR MUHAMMAD, Appellant. [629 NYS2d 304] —Mercure, J. P. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered August 8, 1994, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

On September 15, 1993, defendant entered the business premises of Johnny's Taxi Service in the City of Kingston, Ulster County, displayed a loaded sawed-off .30-06 caliber rifle and robbed the attendant of approximately $200. Defendant was indicted for two counts each of robbery in the first degree and criminal use of a firearm in the first degree. After the denial of his motions to suppress the victim's in-court identification and an inculpatory tape-recorded statement to the police, defendant entered into a plea bargain whereunder he would satisfy the indictment with a plea of guilty to one count of robbery in the first degree and receive a prison sentence of 4 to 12 years. Defendant entered the plea of guilty, received the sentence provided for in the plea bargain and now appeals.

We affirm. We reject defendant's principal contention, that County Court erred in denying defendant's motion to suppress the victim's prospective in-court identification as tainted by unduly suggestive pretrial identification procedures and defendant's inculpatory statement as involuntary. We are at a loss as to how the viewing of a blurred photo, which the victim was unable to identify, could adversely impact upon the victim's ability to make an in-court identification (see, People v Gipson, 194 AD2d 847), and the subsequent photo array, which resulted in a positive identification of defendant (received in evidence as People's exhibit 1), was in no way suggestive (see, supra). Similarly, the police-initiated street canvas was not rendered suggestive by the mere fact that defendant was viewed while he was having a conversation with a police officer. In any event, the record provides ample support for County Court's determination that the victim's observation of defendant for 1 1/2 to 2 minutes at close range under excellent lighting conditions at the time of the subject crime provided an independent basis for an in-court identification (see, People v Ramos, 42 NY2d 834; People v Harris, 191 AD2d 901, lv denied 81 NY2d 1073). Finally, we perceive no basis for disturbing County Court's credibility determinations and conclusion that defendant's taped oral statement was voluntary (see, People v Grimes, 210 AD2d 800, lv denied 85 NY2d 909).

Defendant's remaining contentions have been considered and found lacking in merit.

Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.