■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE A. MULLINS, Appellant. [634 NYS2d 221] —Mercure, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered July 12, 1993, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant, having now been three times tried and convicted of the April 1982 axe murder of Barbara Goetke, appeals once again. A detailed statement and analysis of the underlying facts and legal issues may be found in our three prior decisions in the matter (179 AD2d 48, *lv denied* 80 NY2d 835; 137 AD2d 227, *lv denied* 72 NY2d 922; 103 AD2d 994). As before, the most critical evidence presented at the third trial consisted of (1) testimony of witnesses placing defendant and Goetke together at three different bars, including the Blue Angel, on the night and early morning hours of April 16 and 17, 1982, (2) testimony as to defendant's oral admissions to police officers, and (3) evidence concerning Leslie Axtman, an individual who knew Goetke, who was present at one of the bars where she was last seen and who was found to have an axe in the trunk of one of his vehicles.

Initially, we perceive no merit to the contention that County

Court erred in permitting Arthur Lyons' and Wayne Smith's in-court identifications of defendant as the person they observed with Goetke in the Blue Angel in the early morning hours of April 17, 1982. Even if the issue has been preserved for our consideration, these witnesses' *observation* of defendant at the Blue Angel on the day of the murder was not the kind of subsequent police-initiated *identification* procedure that need be disclosed in a CPL 710.30 notice (*see, People v Peterson*, 194 AD2d 124, *lv denied* 83 NY2d 856).

As for County Court's purported failure to conduct a *Wade* hearing, we first note that the witnesses' viewing of a photo array that included an illegally seized photograph of defendant did not of itself preclude their in-court identification. Regardless of the "legality" of the pretrial identification, and keeping in mind that evidence of a pretrial photographic identification is not admissible in any event (*see, People v Gipson*, 194 AD2d 847), the controlling issue is whether the identification procedure was unduly suggestive and, if so, whether there was an independent basis for the proffered in-court identification (*see, People v Gipson, supra*; *see also, People v Muhammad*, 217 AD2d 773, *lv denied* 86 NY2d 799). We are not persuaded that the in-court identification of defendant was somehow a fruit of the illegal seizure of the photograph and, there having been no showing, or even allegation, of suggestiveness, the burden never shifted to the People to establish an independent basis for the in-court identification (*see, supra*). We finally note that, although they had no such obligation, the People established an ample independent basis for the in-court identification.

Defendant's remaining contentions do not warrant extended discussion. State Police Major Lloyd Wilson's mere fleeting reference to questioning of defendant by no means mandated a mistrial. In view of County Court's curative instructions and the fact that Wilson did not divulge the questions that were asked, defendant's responses (which had been previously suppressed by this Court) or the fact that the responses were inculpatory, no possible prejudice inured to defendant (*see,* CPL 280.10; *People v Banks*, 130 AD2d 498, *lv denied* 70 NY2d 709). Next, on this record there is no basis for a determination that defendant was deprived of his right to be present at sidebar conferences where jurors were questioned concerning their backgrounds, ability to weigh the evidence objectively or potential for bias, hostility or predisposition to believe or discredit the testimony of potential witnesses (*cf., People v Antommarchi*, 80 NY2d 247, 250) or which otherwise "impacted his defense" (*People v Spataro*, 202 AD2d 1005, 1006, *lv denied* 84 NY2d 833).

Further, County Court acted well within its discretion in refusing to accede to defendant's demand to replace a sitting juror who indicated that her employer would not pay her while she served. Notably, County Court extensively interviewed the juror and was repeatedly assured that her jury service posed no financial difficulty, that she wanted to serve and that the issue would not distract her from her responsibilities. As for the contention that County Court should have given a missing witness charge with regard to Axtman, we need merely note that defendant sought and obtained an order precluding Axtman's in-court identification of defendant as a person he had seen with Goetke prior to her disappearance and, further, that the People attempted to call Axtman as a rebuttal witness, but defendant objected to his testimony. Finally, defendant's attack on County Court's charge on reasonable doubt was not preserved by timely objection (*see, People v McKenzie,* 67 NY2d 695, 697; *People v Hill,* 217 AD2d 803) and is found to lack merit in any event.

Cardona, P. J., Crew III, White and Peters, JJ., concur. Ordered that the judgment is affirmed.