■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC J. THOMPSON, Appellant. [647 NYS2d 132] —Yesawich Jr., J. Appeal from a judgment of the County Court of Schenectady County (Sheridan, J.), rendered March 22, 1995, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree (two counts).

Defendant was indicted for selling cocaine to two undercover police officers on September 16, 1993 in the City of Schenectady, Schenectady County. Following a *Wade* hearing, defendant moved to suppress any in-court identification by the officers on the ground that such identification would be tainted by impermissibly suggestive pretrial identification procedures. County Court denied defendant's motion to suppress and, on the eve of trial, defendant pleaded guilty to all six counts of the indictment. Defendant appeals from the subsequent judgment of conviction.

A review of the record, including the two separately composed photo arrays viewed by the undercover officers and the transcript of the *Wade* hearing, discloses that the photo array identification was not so suggestive as to violate defendant's rights (*see, People v Hunter*, 227 AD2d 797). Moreover, given that the undercover officers had ample opportunity, during the course of the drug sales, to observe defendant under adequate lighting conditions, their testimony, as County Court rightly concluded, constitutes an independent basis for an in-court identification of defendant by these witnesses (*see, People v Muhammad*, 217 AD2d 773, *lv denied* 86 NY2d 799).

Mikoll, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.