■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DOROTHY KING, Respondent. [653 NYS2d 464]—Order unanimously reversed on the law, motion denied and matter remitted to Onondaga County Court for further proceedings on indictment. Memorandum: Defendant, a 49-year-old woman of limited intelligence, confessed to police investigators that she killed two of her children, one in 1964 and the other in 1967. Following a suppression hearing, County Court granted defendant's motion to suppress the confession on the ground that defendant did not knowingly, intelligently and voluntarily waive her *Miranda* rights. The court also suppressed, as fruit of the poisonous tree, incriminating statements defendant made to her husband that were overheard by a law enforcement official. Although "great weight must be accorded to the determination of the hearing court based on its ability to assess the credibility of witnesses" (*People v Bucknor*, 140 AD2d 705, 706, *lv denied* 72 NY2d 1043; *see, People v Prochilo*, 41 NY2d 759, 761), we nevertheless conclude that the court's determination in this case is erroneous and must therefore be reversed (*see, People v Lux*, 34 AD2d 662, *affd* 29 NY2d 848; *People v Blocker*, 31 AD2d 885).

"An effective waiver of *Miranda* rights may be made by an accused of subnormal intelligence so long as it is established that he or she understood the immediate meaning of the warnings" (*People v Williams*, 62 NY2d 285, 287; *see, People v Williams*, 174 AD2d 969, *lv denied* 78 NY2d 1015). "Whether the defendant knowingly and intelligently waived his rights is a factual question to be determined by the totality of the circumstances, which includes the defendant's limited mental capacity as but one factor" (*People v Matthews*, 148 AD2d 272, 274,

*lv dismissed* 74 NY2d 950). Once the People meet their initial burden of establishing the legality of the police conduct and defendant's waiver of rights, the burden of proof at the suppression hearing shifts to defendant (*see, People v Love*, 57 NY2d 998, 999; *People v Billington*, 163 AD2d 911, *lv denied* 76 NY2d 891; *People v Chavis*, 147 AD2d 582, *lv denied* 74 NY2d 662).

The People established that, before questioning defendant about the deaths of her children, a police investigator read the *Miranda* rights slowly to defendant, pausing after each right to ask whether she understood it. Defendant indicated that she understood her rights and agreed to talk to the investigators without an attorney. Defendant was again read the *Miranda* rights before she signed the confession. The People's expert witness, a psychiatrist who twice examined defendant after her arrest, testified that, although defendant was somewhat slow, she communicated well and had no difficulty stating her address, telephone number and zip code. Defendant knew how much she paid in rent, stating, "It varies with income. It's a low income facility, it's based on income. Now it's $217 a month." Defendant also told the psychiatrist that she had a "breech birth" with one of her children and then explained what that term meant. We conclude that the People thereby established that defendant knowingly, intelligently and voluntarily waived her *Miranda* rights (*see, People v Orlando LL.*, 188 AD2d 685, *lv denied* 81 NY2d 845; *People v Matthews, supra*; *People v Gerald*, 128 AD2d 635, *lv denied* 70 NY2d 646; *People v Miles*, 115 AD2d 962, *lv denied* 67 NY2d 654). The burden of proof thus shifted to defendant, who failed to prove otherwise.

Defendant's expert witness, a clinical psychologist, testified that defendant has an IQ of 70, which classifies her as mildly mentally retarded. The expert further testified, however, that defendant was able to read the *Miranda* rights to him and that she demonstrated a reasonable understanding of their meaning. There was no evidence that defendant's ability to understand the rights at the time of the confession was any different. The expert's opinion that the emotional state of defendant during the police interview prevented her from understanding the rights is belied by the fact that, according to the investigators, defendant controlled the interview for the first two hours and continued to deny wrongdoing for over an hour after the questioning became more accusatory. Defendant made two corrections to her statement, one involving the date of one child's death, an event that had occurred almost 30 years ago. She

also asked, after signing the confession, whether she was going to be arrested.

In our view, the testimony of defendant's expert witness, which was the only proof offered by defendant, failed to establish that defendant's waiver of *Miranda* rights was unknowing or unintelligent. We therefore reverse the order and deny defendant's suppression motion in its entirety. (Appeal from Order of Onondaga County Court, Brandt, J.—Suppress Evidence.) Present—Pine, J. P., Fallon, Wesley, Davis and Boehm, JJ.