■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAEEM GRADY, Appellant. [775 NYS2d 662]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered December 20, 2002. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]). We reject the contention of defendant that, because of his intellectual limitations, County Court should have granted his motion to suppress his statement to the police. The court determined that defendant was able to understand the *Miranda* rights and that the ability of defendant to waive those rights was not negated by the fact that he took special education classes in high school. "An effective waiver of *Miranda* rights may be made by an accused of subnormal intelligence so long as it is established that he or she understood the immediate meaning of the warnings" (*People v Williams,* 62 NY2d 285, 287 [1984]). Furthermore, " 'the question of the effect of an accused's subnormality of intelligence upon the voluntariness and admissibility of his [or her] confession is that deficient intelligence is but one factor in the whole "totality of circumstances" to be considered in determining voluntariness and admissibility' " (*id.* at 288-289; *see People v Marx,* 305 AD2d 726, 728 [2003], *lv denied* 100 NY2d 596 [2003]; *People v King,* 234 AD2d 923, 923-924 [1996], *lv denied* 89 NY2d 1012 [1997]). The People met "their initial burden of establishing the legality of the police conduct and defendant's waiver of rights," and defendant failed to establish that he did not waive those rights, or that the waiver was not knowing, voluntary and intelligent (*King,* 234 AD2d at 924). Thus, the court properly refused to suppress defendant's statement (*see People v Bray,* 295 AD2d 996, 997 [2002], *lv denied* 98 NY2d 694 [2002]; *see also People v Engert,* 263 AD2d 959 [1999], *lv denied* 93 NY2d 1017 [1999]). Present—Pigott, Jr., P.J., Green, Wisner, Scudder and Gorski, JJ.